UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC. and PHARMACARE LABORATORIES PTY LTD.,<br><br>Defendants. | Case No.: 3:23-cv-01318-JES-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES AND ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 44]** |

Before the Court is the parties' Joint Motion to Extend Scheduling Order Deadlines. ECF No. 44. Plaintiffs seek a one-month continuance of the class expert disclosure deadlines, class discovery deadline, and class certification motion filing deadline. *Id*.

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule

may be modified only for good cause and with the judge's consent"); *see also* ECF No. 25 at 3 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties represent to the Court that the parties have been working together diligently to complete discovery, with Defendant producing a significant number of documents. ECF No. 44 at 2. The parties represent that they "wish to avoid the costs related to expert discovery while resolving their discovery disputes and awaiting decisions on Defendant PharmaCare Pty's Motion to Dismiss in the present action and on a Motion for Class Certification in *Corbett*,[1] both of which may affect the scope and conduct of expert discovery." *Id*. at 3. As such, the parties seek an extension of the current case management deadlines by approximately one to two months.[2] *Id*.

---

[1] The Order regarding Plaintiffs' motion for class certification in *Corbett* was issued the day after the parties' instant motion was filed. *See* 21cv137-JES-AHG, ECF No. 210.

[2] The Court notes that the parties request inconsistent deadlines. First, the parties request that (1) initial class expert disclosures be due on May 1, 2024, (2) rebuttal class expert disclosures be due on May 31, 2024, (3) class discovery cutoff be June 28, 2024, and (4) the motion for class certification be due on July 31, 2024. ECF No. 44 at 3. A few paragraphs later, the parties request that (1) initial class expert disclosures be due on May 1, 2024, (2) rebuttal class expert disclosures be due on June 28, 2024, (3) class discovery cutoff be August 9, 2024, and (4) the motion for class certification be due on July 31, 2024. *Id*.

Upon due consideration of the dockets of both *Sunderland* and *Corbett*, the Court finds good cause to **GRANT IN PART** the parties' joint motion. ECF No. 44. The Court issues the following First Amended Scheduling Order:

1. The Court **SETS** a one-hour, counsel-only Status Conference for **April 18, 2024** at **2:00 p.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. Counsel should be prepared to discuss discovery progress and their outlook on settlement.

    a. No pre-conference submissions are required. Court staff will send the Zoom invitation to counsel in advance of the conference.

    b. All participants shall display the same level of professionalism during the settlement conference and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

    c. Counsel are advised that although the settlement conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

2. No later than **June 3, 2024**, the parties shall designate their respective experts for class certification in writing. The date for exchange of rebuttal experts for class certification shall be no later than **July 3, 2024**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. No later than **June 3, 2024**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions regarding experts for class certification.

4. No later than **July 3, 2024**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence for class certification under Rule 26(a)(2)(D).

5. Fact and class discovery are not bifurcated, but class discovery must be completed by **August 5, 2024**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at:
https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

//

//

6. Plaintiffs must file a motion for class certification by **September 19, 2024**.[3]

7. Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference.

8. The dates set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED**.

Dated: March 29, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Should Plaintiffs not file a class certification motion, they must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **September 19, 2024**.