UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC., et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:23-cv-01318-JES-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE TO CONTACT THE COURT REGARDING DISCOVERY DISPUTE**<br><br>**[ECF No. 47]** |

Before the Court is the parties' joint motion to extend the deadline to raise discovery disputes with the Court. ECF No. 47. Under the Court's 45-Day Rule (*see* AHG.Chmb.R. at 2–3), the parties would have been required to bring any discovery dispute regarding NIS Labs's responses to Defendant's subpoena duces tecum to the Court's attention by April 27, 2024. The parties seek an order from the Court extending the deadline slightly.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that they are actively meeting and conferring regarding NIS Labs's responses. ECF No. 47 at 2. The parties further represent that they are "engaged in ongoing meet and confer efforts to resolved [sic] their disputes regarding the sufficiency of NIS's response to the Subpoena … [and] believe that additional time is necessary to continue these efforts and potentially reach a resolution without the need for court interventions." *Id*. Hence, the parties seek an order from the Court extending the deadline raise their dispute by approximately two weeks, to facilitate a cooperative resolution. *Id*.

The Court appreciates that the parties have been working together to resolve their disputes without judicial intervention. Good cause appearing, the Court **GRANTS** the motion. ECF No. 47. Thus, the parties must bring any discovery dispute regarding NIS Labs's responses to Defendant's subpoena duces tecum to the Court's attention in the manner described in ECF No. 45 at ¶ 5 no later than **May 10, 2024**.

**IT IS SO ORDERED.**

Dated:  April 25, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge