UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.; and PHARMACARE LABORATORIES PTY LTD.,<br><br>Defendants. | Case No.: 23cv1318-JES (AHG)<br><br>**ORDER GRANTING DEFENDANT PHARMACARE LABORATORIES PTY LTD.'S MOTION TO DISMISS**<br><br>**[ECF No. 12]** |

Before the Court is Defendant PharmaCare Laboratories Pty Ltd.'s ("PharmaCare Laboratories") motion to dismiss for lack of personal jurisdiction. ECF No. 12. Plaintiffs filed an opposition, and PharmaCare Laboratories filed a reply. ECF Nos. 15, 16. On November 15, 2023, the Court heard oral argument on the matter and took it under submission. ECF No. 23. After due consideration and for the reasons discussed below, the motion is **GRANTED**.

## I.    BACKGROUND

On July 18, 2023, Plaintiffs initiated this class action lawsuit against Defendants PharmaCare U.S., Inc. ("PharmaCare U.S.") and PharmaCare Laboratories (collectively,

"Defendants"). ECF No. 1. Plaintiffs represent themselves and classes of individuals that have purchased Defendants' products that contain the ingredient black elderberry.

Black elderberry is derived from the *Sambucus* plant and has become a popular ingredient for use in supplements in recent years. *Id.* at ¶¶ 2-3. Plaintiffs allege that Defendants' products include various statements on its labels, including statements that their products are developed by a "world renowned virologist" and that their products include a "unique black elderberry extract" that is made from a "proprietary method." *Id.* at ¶¶ 5-6. However, Plaintiffs allege that these representations are false because Defendants' products actually contain "run-of-the-mill Elderberry Juice." *Id.* at ¶¶ 7-8.

Based on these allegations, Plaintiffs bring a class action lawsuit against Defendants with a class of similarly situated consumers who have purchased the accused products. *Id.* ¶ 50. Plaintiff Sunderland is a resident and citizen of New York who has purchased Defendants' Sambucol® Black Elderberry Chewable Tablets over the last two years. *Id.* at ¶¶ 10-11. Plaintiff Binder is a resident and citizen of California who has purchased Defendants' Sambucol® Black Elderberry Original Syrup over the last four years. *Id.* at ¶¶ 15-16. Specifically, Plaintiffs seek to bring class claims for a nationwide class, a New York subclass, and a California subclass. *Id.* at ¶ 50. Individually and on behalf of the class, Plaintiffs allege violations of: (1) the California Business and Professions Code Section 17200 *et seq.* ("UCL"); (2) the California Business and Professions Code Section 17500 *et seq.* ("FAL") for false advertising; (3) the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (4) the New York Deceptive Acts and Practices Law; and (5) breach of express warranty. *Id.* at ¶¶ 60-113.

Pending now before the Court is Defendant PharmaCare Laboratories' motion to dismiss for lack of personal jurisdiction.

## II.   LEGAL STANDARDS

Defendant PharmaCare Laboratories brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). Once the defendant moves to dismiss for lack of personal jurisdiction, the plaintiff then bears the burden to establish that the Court has

personal jurisdiction over the defendant. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Where the defendant's motion is based on written materials such as affidavits rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Marvix Photo*, 647 F.3d at 1223. The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). Allegations in the complaint may be contradicted by affidavit, but factual disputes must be resolved in the plaintiff's favor. *Marvix Photo*, 647 F.3d at 1223.

Where, as here, federal court jurisdiction is based on 28 U.S.C. § 1332(d) and only state law causes of action are asserted, the district court applies the law of the state in which it sits—here, California—to establish personal jurisdiction. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. P. § 410.10; *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996). Therefore, to establish personal jurisdiction, Plaintiffs must satisfy the due process Constitutional requirements.

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can either be established through general or specific jurisdiction. General jurisdiction, which is found where the defendant has continuous and systematic contacts with a state to render then essentially "at home" in the state, is not in dispute here—both Defendants and Plaintiffs agree that PharmaCare Laboratories is not subject to general

jurisdiction in California. Minimum contacts may also be established through specific jurisdiction. Specific jurisdiction is established where the defendant (1) purposefully directs his activities or consummate some transaction with the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws and (2) the claim is one which arises out of or relates to the defendant's forum-related activities. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

### III.   DISCUSSION

There is no dispute that PharmaCare Laboratories is an Australian company with its principal place of business in Austria. ECF No. 1 at ¶ 21. PharmaCare Laboratories owns the Sambucol® trademark, and Plaintiffs further allege that it is the entity "responsible for the formulation and manufacturing of the Elderberry products (both in the U.S. and internationally), and is responsible for the original labels on the Elderberry products." *Id.* While the complaint includes a statement regarding this Court's personal jurisdiction over PharmaCare U.S. (*see id.* at ¶ 23),[1] there is no similar allegation as to personal jurisdiction over PharmaCare Laboratories.

PharmaCare Laboratories argues that it is not subject to specific jurisdiction in California for several reasons. First, it argues that ownership of the trademark does not show that it purposefully availed itself to California jurisdiction. ECF No. 12-1 at 11. Second, it refutes the allegation in the Complaint that it manufactures, purchases, labels, advertises, markets, sells, or distributes any Sambucol® branded products in California or any other state. *Id.* (citing ECF No. 12-2, Declaration of Anthony Robertson ("Robertson Decl."), Chief Financial Officer, at ¶ 10). Rather it is Defendant PharmaCare U.S. that is responsible for purchasing, advertising, marking, labeling, sale and distribution of

---

[1] This paragraph reads: "This Court has personal jurisdiction over Defendant PharmaCare U.S., Inc.'s in this matter because Defendant is a resident of California, and Defendants' acts and omissions giving rise to this action occurred in the state of California."

Sambucol® branded products in the United States, including California. Robertson Decl. at ¶ 11. It also states that PharmaCare U.S. is the entity that runs the website sambucolusa.com, which takes online orders. *Id.* at ¶¶ 12-13. Finally, PharmaCare Laboratories states that it is just a holding company that owns shared in other companies, including PharmaCare U.S., but it does not direct the work of or exercise sufficient control over PharmaCare U.S. *Id.* at ¶¶ 3, 15.

In opposition, Plaintiffs argue that, first, they alleged that PharmaCare Laboratories is the entity that is responsible for the labeling and marketing of the Products. ECF No. 15 at 5 (citing ECF No. 1 at ¶ 21). Since labeling is at the heart of this case and PharmaCare Laboratories "placed the Products with its misleading labels into the stream of commerce directed at California consumers," Plaintiffs argue that specific jurisdiction is satisfied. *Id.* Second, even if direct involvement is lacking, Plaintiffs argue that specific jurisdiction still exists in this situation because PharmaCare Laboratories "assigned" the U.S. subsidiary with the task of carrying out operations and distribution in the United States, relying on an agency theory. *Id.* at 6-7.

Plaintiffs appear to rely on a stream of commerce theory to support their specific jurisdiction argument. *See* ECF No. 15 at 4. This stream of commerce theory was first discussed in the seminal Supreme Court case *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987). The *Asahi* Court failed to agree on a majority rule, with the Justices espousing two points of view. Justice Brennan opined that the constitutional limit of due process is satisfied when a defendant places a product into the stream of commerce with awareness that the product is marketed to or may reach the forum state. *Id.* at 117. On the other hand, Justice O'Conner endorsed a more stringent test, where simply placing a product into the stream of commerce is not enough, and a defendant must do "something more" to direct activity at the forum state. *Id.* at 109-12. Several district courts within this Circuit have interpreted the Ninth Circuit to have adopted the O'Conner view that requires "something more" than just knowledge that a product will enter the state through the stream of commerce. *Holland Am. Line Inc. v.*

*Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state.") (citing *Asahi*); *Clarke v. Air & Liquid Sys. Corp.*, No. 2:20-CV-00591-SVW-JC, 2020 WL 12968241, at *4 (C.D. Cal. Apr. 20, 2020) ("[T]he Ninth Circuit has adopted Justice O'Connor's 'stream-of-commerce plus' analysis . . . ."); *but see CAO Lighting, Inc. v. Signify N.V.*, 628 F. Supp. 3d 996, 1002 (C.D. Cal. 2022) ("[I]t remains unresolved whether Justice Brennan's view ('stream of commerce' alone) or Justice O'Connor's view ('something more') controls, and the Courts of Appeals have divided on this question.").

      As to PharmaCare Laboratories' contention that ownership of the Sambucol® trademark does not establish personal jurisdiction, the Court agrees. In the context of purposeful availment, courts have considered trademarks to be "a most passive form of advertising." *See Williams v. Canon, Inc.*, 432 F. Supp. 376, 380 (C.D. Cal. 1977). Thus, akin to nationwide advertising, any such exposure to such trademarks in a jurisdiction does not constitute transacting business or purposeful availment in that jurisdiction. *Love v. The Mail on Sunday*, No. CV05-7798ABCPJWX, 2006 WL 4046170, at *7 (C.D. Cal. July 14, 2006).

      The rest of Plaintiffs' basis for specific jurisdiction rests on two theories. First, Plaintiffs argue that PharmaCare Laboratories is the entity that is responsible for the labeling and marketing of the Products, and "placed the Products with its misleading labels into the stream of commerce directed at California consumers." The issue with this theory is that it has been squarely refuted by PharmaCare Laboratories. In a declaration from its Chief Financial Officer, Mr. Robertson, PharmaCare Laboratories has stated, under the penalty of perjury, that it does not "manufacture, purchase, label, advertise, market, sell or distribute any Sambucol® products in or into California or any other state in the United States." Robertson Decl. at ¶ 10. Rather, it is PharmaCare U.S.—the other named Defendant—that is responsible for these actions. *Id.* at ¶¶ 11-12. An analogous situation arose in *CAO Lighting, Inc. v. Signify N.V.*, 628 F. Supp. 3d 996, 1002 (C.D.

Cal. 2022). In that case, the plaintiff alleged in the complaint "in a conclusory manner devoid of facts that Defendant itself places products in the stream of commerce" whereas the defendant filed a declaration stating that it "does not design, manufacture, import, market, offer for sale or sell, export or import any products or services, in California or anywhere else throughout the world." *Id.* The plaintiff was unable to present any new evidence to rebut the statements in the declaration, and the court held that the plaintiff failed to establish that the defendant places the products at issue into the stream of commerce. *Id.* The Court is persuaded by this reasoning. On a motion to dismiss for lack of personal jurisdiction, allegations in the complaint may be contradicted by affidavit and Plaintiffs have put forth no further factual evidence to refute the statements in the sworn affidavit. *See Marvix Photo*, 647 F.3d at 1223.

The second theory Plaintiffs rely on to establish jurisdiction is that PharmaCare Laboratories "assigned" PharmaCare U.S. with the task of carrying out operations and distribution in the United States, including California—an agency theory of jurisdiction. In *Daimler AG v. Bauman*, the Supreme Court rejected the Ninth Circuit's reliance on an agency theory between a parent and a subsidiary to establish general jurisdiction by attributing the subsidiary's contacts with the state to the parent. 571 U.S. 117, 134-39 (2014). After *Daimler*, the Ninth Circuit has maintained two theories under which a parent/subsidiary relationship could establish jurisdiction. First, the Ninth Circuit held that *Daimler* left intact the "alter ego test for imputed general jurisdiction." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017). This test requires more than just a parent-subsidiary relationship however: "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id.* Plaintiffs do not appear to rely on this theory here. Second, the Ninth Circuit held that *Daimler* also "left open the question of whether an agency relationship might justify the exercise of specific jurisdiction." *Id.* at 1023. Specifically, in order to establish specific jurisdiction based on a parent-subsidiary

agency relationship, the plaintiff must show that "the parent company must have the right to substantially control its subsidiary's activities." *Id.* at 1025; *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 700 (C.D. Cal. 2022) (the agency relationship for specific jurisdiction under an agency theory is "substantial control"). This requires a showing higher than "normal oversight of a parent over a subsidiary" and more akin to "control of day-to-day operations." *In re California Gasoline Spot Mkt. Antitrust Litig.*, No. 20-CV-03131-JSC, 2021 WL 4461199, at *2 (N.D. Cal. Sept. 29, 2021).

With this standard in mind, Plaintiffs provide the Court with little evidence or even allegations regarding the relationship between PharmaCare Laboratories and its subsidiary PharmaCare U.S. The complaint does not include allegations regarding the level of control PharmaCare Laboratories has over PharmaCare U.S., only alleging that "Defendant PharmaCare Pty Ltd. (both individually and through its whole own subsidiaries) owns the Sambucol trademark, is responsible for the formulation and manufacturing of the Elderberry Products (both in the U.S. and internationally), and is responsible for the original labels on the Elderberry Products." ECF No. 1 at ¶ 21. For the first time in its opposition to this motion, Plaintiffs state baldly that the parent is "assigning" to its subsidiary "tasks of carrying out U.S. operations with knowledge that the Subsidiary would target California markets." ECF No. 15 at 6. In contrast, Mr. Robertson states in his declaration that "[o]ther than the exercise of the broad oversight typically indicated by common ownership or common directorship, PharmaCare Laboratories does not direct the work of PharmaCare U.S., Inc. or its employees. The day-to-day operation of PharmaCare U.S., Inc. are controlled and managed locally by the employees of PharmaCare U.S., Inc. Indeed, PharmaCare U.S., Inc. establishes, implements, and enforces its own policies, procedures and practices." Robertson Decl. at ¶ 15. Based on this record, Plaintiffs have failed to establish that PharmaCare Laboratories substantially controls its subsidiary PharmaCare U.S. *See CAO Lighting*, 628 F. Supp. 3d at 1003 (finding insufficient "control" where parent stated in a

declaration that it did not have "any direction or control over the day-to-day operations" of the subsidiary).

Thus, the Court finds that Plaintiffs have failed to make a prima facie showing that the Court has personal jurisdiction over Defendant PharmaCare Laboratories and **GRANTS** the motion to dismiss for lack of personal jurisdiction.

## IV. JURISDICTIONAL DISCOVERY

Plaintiffs request that the Court permit jurisdictional discovery if it finds the pleadings insufficient to establish personal jurisdiction over PharmaCare Laboratories. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation and quotation marks omitted). However, "the Court need not permit such discovery" if "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). Nor is discovery required if the plaintiff "fail[s] to demonstrate how further discovery would allow it to contradict" the defendant's affidavits. *Terracom*, 49 F.3d at 562; *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (court may to deny jurisdictional discovery if request is "based on little more than a hunch that it might yield jurisdictionally relevant facts"); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986) (court may deny jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

Here, Plaintiffs appear to request discovery so that they can rebut Mr. Robertson's declaration the PharmaCare Laboratories does not manufacture, purchase, label, advertise, market, sell or distribute any Sambucol® products in California or any other state in the United States. ECF No. 15 at 8. However, Plaintiffs have not stated any

reasons that support their belief that any additional discovery will rebut this statement. Without more, the Court does not find that Plaintiffs have made the requisite showing that jurisdictional discovery is warranted. *See Johnson v. Mitchell*, No. CIV S-10-1968 GEB, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (denying jurisdictional discovery where no colorable showing has been made to personal jurisdiction and discovery request is vague and no more than a "fishing expedition"); *CAO Lighting*, 628 F. Supp. 3d at 1005-06 (denying jurisdictional discovery where Defendant made specific denials of allegations in an affidavit and Plaintiff gave no additional reasons to disbelieve those statements).

Accordingly, the Court **DENIES** the request for jurisdictional discovery.

## V.     CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** the motion to dismiss Defendant PharmaCare Laboratories for lack of personal jurisdiction and **DENIES** the request for jurisdictional discovery. Defendant PharmaCare Laboratories is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  May 10, 2024

Honorable James E. Simmons Jr.
United States District Judge