UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No.: 3:23-cv-01318-JES-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION FOR CLASS CERTIFICATION; and**<br><br>**(2) DENYING MOTION TO EXCLUDE TESTIMONY OF J. MICHAEL DENNIS AND COLIN WEIR; and**<br><br>**(3) GRANTING PLAINTIFFS MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 68, 84, 95]** |

Before the Court are several motions filed by the parties: (1) Plaintiffs' motion for class certification ("Motion;" ECF No. 68); (2) Defendant's motion to exclude the testimony of Plaintiffs' experts J. Michael Dennis and Colin Weir (ECF No. 84); and (3) Plaintiffs' motion to file documents under seal (ECF No. 95). Given the various related

1

and overlapping issues raised in these motions, the Court granted the parties' request for consolidated briefing. ECF No. 67. Per the consolidated schedule, the parties filed respective oppositions and replies to these motions. ECF Nos. 84, 94, 97. On January 15, 2025, the Court held oral arguments. After due consideration, and for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the motion for class certification and **DENIES** Defendant's motion to exclude Plaintiffs' experts.

## I.     BACKGROUND

On July 18, 2023, Plaintiffs filed this putative class action against Defendant PharmaCare U.S., Inc. ("Defendant" or "PharmaCare")[1], asserting consumer protection and breach of warranty claims based on its Sambucol product, a dietary supplement that is alleged to contain a proprietary extract of black elderberry. ECF No. 1. The claims are as follows: (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (2) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; (3) California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq.; (4) New York's General Business Law ("GBL"), N.Y. Gen. Bus. Law §§ 349, 350; and (5) Breach of Express Warranties. *Id.*

### A.     The Products

Black elderberry is a flowering plant that produces clusters of black berries. ECF No. 68-1 at 11. Elderberry has become a popular dietary supplement in recent years, partially due to increased popularity of "natural remedies" in the marketplace. ECF No. 1 at ¶ 2. A method of producing elderberry extract is described in U.S. Patent No. 4,742,046, filed by Madeline Bliah, also known as Madeline Mumcuoglu ("Dr. Mumcuoglu"). ECF No. 68-3 at ¶¶ 6-7, Exs. A, B. Dr. Mumcuoglu started an Israeli company to market her elderberry extract product and trademarked the name "Sambucol" for use with her

---

[1] The Court previously granted Defendant PharmaCare Laboratories Pty Ltd.'s motion to dismiss for lack of personal jurisdiction. ECF No. 51.

company. ECF No. 68-3, Ex. C; Ex. F at ¶ 4. The Sambucol trademark eventually became owned by Defendant's parent company. ECF No. 147-3, Exs. D, E.

Each of Defendant's products at issue in this case contain black elderberry extract. Specifically, the following eight products are at issue:

1. Elderberry Original Syrup
2. Sambucol Black Elderberry Sugar Free
3. Sambucol Black Elderberry Syrup for Kids
4. Sambucol Black Elderberry Effervescent Tablets
5. Sambucol Black Elderberry Chewable Tablets
6. Sambucol Black Elderberry Pastilles
7. Sambucol Black Elderberry Daily Immune Drink Powder
8. Sambucol Black Elderberry Advance Immune Syrup

(collectively, the "Products"). ECF No. 79 at 11.

Plaintiffs' claims arise from allegations regarding statements made on the labels of the Products, which they allege to be false and misleading. The labels on the Products vary, but include some combination of the following statements:

- "Virologist Developed"

- "Developed by Dr Madeleine Mumcuoglu"

- "Developed by a world-renowned virologist, Sambucol® is the unique black elderberry extract that has been used in scientific studies. By using a proprietary method of extraction, only Sambucol® can guarantee consistent, immune supporting properties in every serving."

- "Developed by a world-renowned virologist, Sambucol®'s unique manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

- "Developed by a world-renowned virologist, Sambucol® has been trusted by millions worldwide. Sambucol can be taken every day for continuous immune support."

(collectively, "Challenged Misrepresentations"). These statements are made on the labels of the Products at differing locations. *See* ECF No. 68-12 to 68-14, Exs. CC-RRR.

### B. Plaintiffs' Allegations

Plaintiffs allege Defendant, through the Challenged Misrepresentations, falsely advertised the Products as "unique," "proprietary," and "virologist developed" to increase demand, build brand trust, and gain a competitive advantage, causing economic harm to consumers. ECF No. 1 at ¶¶ 25-40. Plaintiffs allege the Products refer to Dr. Mumcuoglu and her patented elderberry extract formula, but the extract used in the Products was not derived from her formula. ECF No. 68-1 at 14. Instead, Plaintiffs allege the Products are based on elderberry juice. *Id*. Further, Plaintiffs allege Defendant originally included Dr. Mumcuoglu's name on some of the Products' labels, but this reference was removed and "there is currently no connection between Dr. Mumcuoglu and Defendant[] or the current version of the Elderberry Products." ECF No. 1 at ¶ 32.

### C. Named Plaintiffs and Proposed Classes

There are two named Plaintiffs in the class. Plaintiff Binder is a resident and citizen of California. *Id*. at ¶ 15. He claims to have purchased the Original Syrup over a four-year stretch, with his last purchase in June 2023. *Id*. at ¶ 16. Plaintiff Sunderland is a resident and citizen of New York. *Id*. at ¶ 10. She claims to have purchased the Chewable Tablets over a two-year stretch, with her last purchase in March 2023. *Id*. at ¶ 11. Both Plaintiffs Binder and Sunderland allege they saw and relied on the Challenged Misrepresentations that the elderberry ingredient was unique, proprietary, and developed by a virologist. *Id*. at ¶¶ 12, 17. They both claim to wish to continue purchasing the Products in the future but are unable to rely on Defendant's representations in deciding whether to do so. *Id*. at ¶¶ 14, 19.

Plaintiffs seek to certify two classes: (1) a California class of all "persons in California who, before March 31, 2023, purchased the Products for personal or household use and not for resale;" and (2) a New York class of all "persons in New York who, before

March 31, 2023, purchased the Products for personal or household use and not for resale." ECF No. 68-1 at 11.

## II.   MOTION TO EXCLUDE EXPERTS

Concurrent with the pending motion for class certification, Defendant filed a motion to exclude experts that Plaintiffs rely upon in their class certification argument. Since resolution on this motion affects the evidence that the Court will rely upon in deciding the motion for class certification, the Court addresses this motion first, as a threshold matter.

### A.   Legal Standard

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). An expert witness may provide opinion testimony if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

Generally, district courts have a duty to "act as a gatekeeper to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). However, the duty is to evaluate "not the correctness of the expert's opinions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). Moreover, the inquiry into admissibility of expert opinion is a "flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* (citing *Daubert*, 509 U.S. at 594, 596).

The Ninth Circuit has stated that district courts should apply *Daubert* and Rule 702 standards at the class certification stage. *See, e.g.*, *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020). However, at this stage, there is no jury to gatekeep and the judge is the sole arbiter, so "admissibility must not be dispositive." *Sali v. Corona Reg'l*

*Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018). "Instead, an inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given at the class certification stage." *Id.* Thus, many district courts in this circuit view expert admissibility issues raised by parties during class certification as a determination of weight rather than admissibility. *See, e.g.*, *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, No. 2:17-CV-07223-JWH-AS, 2023 WL 4190553, at *2 (C.D. Cal. May 22, 2023) (*Daubert* is to be used as a "guide to determine the weight that evidence receives at the class certification stage"); *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2021 WL 1320773, at *4 (N.D. Cal. Mar. 23, 2021) (a "lower *Daubert* standard should be employed at the class certification stage of the proceedings," denying motion to strike, and considering arguments as to reliability of expert testimony to "assist in evaluating the weight of the evidence as it relates to class certification"); *Bally v. State Farm Life Ins. Co.*, 335 F.R.D. 288, 297 (N.D. Cal. 2020) ("*Sali* forecloses this interpretation by explicitly instructing that a *Daubert* analysis alone, while relevant, should not prevent a court from considering expert testimony at the class certification stage.").

### B.   Discussion

Defendant's motion is to exclude Plaintiffs' experts, Dr. J. Michael Dennis ("Dr. Dennis") and Mr. Colin Weir ("Mr. Weir"). ECF No. 84 at 46-58. Dr. Dennis performed a consumer perception survey, a materiality survey, and opined on damages. *Id.* at 46. Mr. Weir helped to design and support Dr. Dennis' methodology on damages. *Id.* Defendant raises several grounds for why these experts' opinions should be excluded. First, Defendant argues that Dr. Dennis' consumer perception survey is unreliable, biased, and misleading because the statements used in the survey did not match the Products' labels (*i.e.*, "this is the unique black elderberry extract" as opposed to "Sambucol is the unique black elderberry extract"). *Id.* at 47-52. Thus, Defendant argues the questions posed to survey participants do not match Plaintiffs' theory of liability. *Id.* Second, Defendant argues that Dr. Dennis' materiality survey is similarly unreliable because the design shown to the survey participants was manufactured for the survey and not an image of the actual product

or packaging. *Id.* at 52-54. Third, Defendant argues that Dr. Dennis' damages model is irrelevant and unreliable because it is based on the tested claim, not the class claims. *Id*. at 54. Finally, Defendant argues that Dr. Dennis' price premium model is irrelevant because it fails to distinguish between injured and uninjured class members, it is not sufficiently defined, and it is based on a "willingness-to-pay" benchmark rather than measuring an actual price premium. *Id*. at 55-57.

After reviewing the parties' arguments and briefing on these issues, the Court agrees with the many district courts in this circuit that the more appropriate place to consider these arguments is on how much *weight* to give to the competing expert testimony, rather than their *admissibility*. *Sali*, 909 F.3d at 1006; *Painters*, 2023 WL 4190553, at *2; *Aberin*, 2021 WL 1320773, at *4; *Bally*, 335 F.R.D. at 297. This is particularly appropriate where, as here, many of the arguments for exclusion of the testimony is not on whether the types of surveys are acceptable, but whether certain criteria used in the respective surveys pass muster. However, the Ninth Circuit has stated that as a general matter, "[c]hallenges to survey methodology go to the weight given the survey, not its admissibility." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *see also Microsoft Corp. v. Motorola, Inc.*, 904 F. Supp. 2d 1109, 1120 (W.D. Wash. 2012) (Criticisms "go to issues of methodology, survey design, reliability . . . [and] critique of conclusions, and therefore go to the weight of the survey rather than its admissibility.") (internal quotation marks omitted).

Accordingly, the Court **DENIES** Defendant's motion to exclude expert testimony under *Daubert*.

Defendant also filed numerous evidentiary objections on the grounds that certain evidence is irrelevant, lacking foundation, constitutes inadmissible hearsay, misstates testimony, not based on personal knowledge, and contains inadmissible lay opinion. In determining whether class certification is appropriate under FRCP 23, courts "may consider all material evidence submitted by the parties … and need not address the ultimate admissibility of evidence proffered by the parties." *Blair v. CBE Group, Inc.*, 309 F.R.D. 621, 627 (S.D. Cal. 2015) (internal quotations and citations omitted); *see also Sali v.*

*Corona Regional Medical Center*, 909 F.3d 996, 1005 (9th Cir. 2018) ("[A] district court is not limited to considering only admissible evidence in evaluating whether Rule 23's requirements are met.") In light of the lenient evidentiary standard that applies at the certification stage, the Court **OVERRULES** Defendant's evidentiary objections for purposes of this motion. To the extent that any evidence proffered by the parties constitutes a legal conclusion or lacks foundation, the Court will not consider such material. *Blair*, 309 F.R.D. at 627.

### III.  MOTION TO CERTIFY CALIFORNIA CLASS

As an initial matter, Plaintiff Binder and the proposed California class cannot be certified because their claims are barred. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citations omitted). Res judicata applies when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id*. Identity of claims exists when "two suits arise from the same transactional nucleus of facts" and "[n]ewly articulated claims . . . could have been brought in the earlier action." *Id*. at 1078 (internal quotation marks omitted). Summary judgment is a final judgment on the merits. Fed. R. Civ. P. 56. Privity between parties exists when there is substantial identity between parties, even when the parties are not identical. *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1081.

Plaintiffs concede that identity of claims exists because this suit arises from the same nucleus of facts as *Corbett*.[2] S*ee* ECF No. 68-1 at 11 ("this Court has already certified a parallel class action, in *Corbett*, which involves the same product labels, similar legal claims, and theories of recovery"). Final judgment on the merits occurred in *Corbett* when the Court granted summary judgment in favor of PharmaCare. Privity between parties

---

[2] *Corbett v. PharmaCare U.S., Inc.*, No. 3:21-cv-00137-JES-AHG, 2025 WL 1746308 (S.D. Cal. June 24, 2025).

exists because in *Corbett*, the Court certified two California classes that included the following individuals:

> All persons who, from January 21, 2017 to March 29, 2024, while in California, purchased Defendant's Sambucol Black Elderberry Original Syrup, Sambucol Black Elderberry Advanced Immune Syrup, Sambucol Black Elderberry Sugar Free Syrup, Sambucol Black Elderberry Syrup for Kids, Sambucol Black Elderberry Gummies, Sambucol Black Elderberry Gummies for Kids, Sambucol Black Elderberry Advanced Immune Capsules, Sambucol Black Elderberry Effervescent Tablets, Sambucol Black Elderberry Chewable Tablets, Sambucol Black Elderberry Pastilles (Throat Lozenges), Sambucol Black Elderberry Daily Immune Drink Powder, and Sambucol Black Elderberry Infant Drops for personal or household use and not for resale.

*See Corbett* Dkt. 276. PharmaCare was the defendant in *Corbett* and Plaintiff Binder and the proposed California class are members of the certified *Corbett* classes. *See supra* §§ I-A, I-C. Therefore, all three elements of res judicata are satisfied here and the California claims are barred. Accordingly, the Court **DENIES** certification of the proposed California class.

### IV.     MOTION TO CERTIFY NEW YORK CLASS

Federal Rule of Civil Procedure 23 governs class actions. Under Rule 23(a), plaintiffs must establish numerosity, commonality, typicality, and adequacy. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Once Rule 23(a) is satisfied, then plaintiffs must meet one of the limitations under Rule 23(b). Here, Plaintiffs rely on Rule 23(b)(3), requiring them to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart*, 564 U.S. at 350. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id*. "In determining

the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal quotations omitted). However, proof to establish that Rule 23 requirements have been met often "overlap with the merits of plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351. A weighing of competing evidence, however, is inappropriate at this stage of the litigation. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003).

### A. Rule 23(a) Requirements

#### 1. Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Staton*, 327 F.3d at 953. The plaintiff need not state the exact number of potential class members; nor is a specific minimum number required. *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994). Rather, whether joinder is impracticable depends on the facts and circumstances of each case. *Id*.

Plaintiffs state that more than 49 million packages of the Products were sold nationally. ECF No. 79 at 22. The Court may infer that this suffices to establish numerosity. *See Clay v. CytoSport, Inc.*, No. 3:15-CV-00165-L-AGS, 2018 WL 4283032, at *3 (S.D. Cal. Sept. 7, 2018) (numerosity satisfied based on "several million" of products sold in California); *In re Hitachi Television Optical Block Cases*, No. 08CV1746 DMS NLS, 2011 WL 9403, at *3 (S.D. Cal. Jan. 3, 2011) (sales of more than 100,000 products satisfy numerosity).

Defendant argues the proposed class is not sufficiently numerous because Plaintiffs fail to offer affirmative evidence of numerosity. ECF No. 84 at 35-36. Defendant relies on *Diacakis*[3] for the proposition that relying solely on product sales figures is insufficient to

---

[3] *Diacakis v. Comcast Corp.*, No. C 11-3002, 2013 WL 1878921 (N.D. Cal. May 3, 2013).

establish numerosity. *Id*. *Diacakis* however, involved a plaintiff who was subject to oral misrepresentations by the defendant that were inapplicable to the proposed class. *Diacakis*, 2013 WL 1878921, at *1. Here, Plaintiffs allege the Products' labeling created the misrepresentations, and the proposed class was uniformly exposed to those misrepresentations. ECF No. 94 at 14-15.

Given the distinction between *Diacakis* and these facts, the Court rejects Defendant's argument and finds that Plaintiffs have satisfied their burden to establish numerosity.

### 2. Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement can be met with just a single common question. *Wal-Mart*, 564 U.S. at 359.

This requirement overlaps with a part of Rule 23(b)(3)'s requirement that the court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members." The Supreme Court held that the commonality requirement is "subsumed, or superseded by, the more stringent Rule 23(b)(3) [predominance] requirement." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 610-612 (1997). Thus, for the sake of efficiency, courts often analyze these two requirements together, focusing on the predominance question because it is the more demanding inquiry. *See, e.g.*, *Johnson v. R&L Carriers Shared Servs., LLC*, No. 222CV01619MCSJPR, 2023 WL 3299709, at *3 (C.D. Cal. Apr. 10, 2023).

Accordingly, the Court will defer ruling on this Rule 23(a)(2) requirement and merge its discussion with the Rule 23(b)(3) requirement below.

### 3. Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties to be typical to those of the rest of the class. Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they

need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Like commonality above, typicality is a "permissive standard." *Id.*

Plaintiffs contend their claims and defenses are typical of the class because members of the class suffer the same injury, resulting from a substantially similar theory of liability. ECF No. 68-1 at 24-25. In support, Plaintiffs cite various cases that hold that typicality is routinely met in consumer protection cases that arise from alleged misrepresentations on product labels. *Id.*

Defendant argues Plaintiff Sunderland is not a typical representative because she is not a member of the proposed class. ECF No. 84 at 30. Generally, Defendant asserts Plaintiff Sunderland is making an implied disease claim, whereas the proposed class claims revolve around deceptive labeling through the Challenged Misrepresentations. *Id.* at 15-16; 29-31. Defendant offers little support of this argument, outside of an incomplete or mischaracterized reading of Plaintiff Sunderland's deposition testimony. *Id.* at 16; s*ee*, *e.g.*, ECF No. 88-2 at 40:9-22 (Sunderland stating that "virologist developed" was "a major reason" why she purchased the Products); 63:22-64:24 (Sunderland stating that she believed Sambucol was developed by a virologist because of the writing on the box and had no reason to believe the label was false); 106:8-13 (Sunderland stating she believed the product packaging, it influenced her to purchase the Products, and it was better than other elderberry products because it was tested and produced by a virologist).

To defeat typicality, Defendant needs to show that it has a defense against the particular representative that it does not have against other plaintiffs. *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 974 (C.D. Cal. 2015) ("To be typical, a class representative need not prove that she is immune from any possible defense, or that her claim will fail only if every other class member's claim also fails. Instead, she must establish that she is not subject to a defense that is not 'typical of the defenses which may be raised against other members of the proposed class.'"). Here, the Court finds that Defendant's arguments raised as to Sunderland are not necessarily atypical of arguments they may raise against any other

member of the class. The Court agrees with Plaintiffs that Defendant concedes that its defenses would be based on the reasonable consumer standard. ECF No. 94 at 16 n.5.

Accordingly, the Court finds that Plaintiffs have satisfied their burden to establish typicality for Plaintiff Sunderland.

### 4. Adequacy of Representation

The last Rule 23(a) factor looks to make sure the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P 23(a)(4). The root concern this factor seeks to address is a constitutional due process concern to make sure absent class members are afforded adequate representation in the action before there is an entry of a judgment that would bind them. *Hanlon*, 150 F.3d at 1020. Thus, this factor focuses on two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978)).

Plaintiffs state in their motion that the named class representatives share common interests with the other class members and there is no conflict that would cause them to not adequately represent their interests. ECF No. 68-1 at 25-26. Similarly, Plaintiffs argue that they—along with their counsel—have shown the requisite vigor in prosecuting the case to date and will continue to do so. *Id.* at 26. Further, Plaintiffs' counsel provides information regarding their experience with such class action cases in the past, and a description of the work they have done so far in the case. *Id.* at 27-28.

Other than the arguments as to Plaintiff Sunderland that the Court addressed above in typicality, the only other argument that Defendant raises related to this factor is with regards to a conflict of interest with Plaintiffs' counsel. ECF No. 84 at 32-34. Specifically, Defendant argues that there is a conflict of interest in acting as counsel in this case and *Corbett*, *supra* § III. *Id.* However, this argument is moot because *Corbett* reached a final judgment and that case is closed.

Accordingly, the Court finds that Plaintiffs have satisfied their burden to establish adequate representation of both the class representatives and class counsel.

## B. Rule 23(b)(3) Requirements

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This requirement is more stringent than commonality and requires that "common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Hanlon*, 150 F.2d at 1022.

### 1. Predominance

To address whether common issues predominate, the inquiry begins "with the elements of the underlying causes of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Plaintiffs allege violation of the GBL based on the statements made on the Products. The GBL prohibits deceptive acts or practices, as well as false advertising, "in the conduct of any business, trade or commerce or in the furnishing of any services in [New York]." N.Y. Gen. Bus. Law §§ 349, 350. There are three elements to a § 349 claim: "(1) the defendant's challenged acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result." *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007). The elements for a § 350 claim are essentially the same. *See Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 525 (S.D.N.Y. 2003). "Misleading" is defined objectively as "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Cohen*, 498 F.3d at 126 (internal quotation marks and citation omitted). Reliance is not required to state a claim under either §§ 349 or 350. *DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194, 221 (N.D.N.Y. 2023). Injury under §§ 349 and 350 may be alleged under a price premium theory, which means a plaintiff "paid a premium for a

product based on [the] defendants' inaccurate representations." *Id*. at 216 (internal quotation marks and citations omitted).

Plaintiffs also assert a claim for breach of express warranty. There are four elements to a New York breach of express warranty claim: "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 589 (S.D.N.Y. 2021) (citation omitted). In warranty cases, reliance "relates to the first element of proof, existence of the contract" and "whether [the consumer] believed he is purchasing the promise." *Ainger v. Michigan General Corp.*, 476 F. Supp. 1209, 1225 (S.D.N.Y. 1979). "Thus, a claim for relief in breach of warranty is complete upon proof of the warranty as part of a contract and proof of its breach." *Id*.

Defendant makes several arguments against predominance. First, Defendant relies upon *Diacakis* to assert the proposed class is overbroad and individual fact-specific inquiries will be required. ECF No. 84 at 36-39. The Court, *supra* § IV-A, previously explained why *Diacakis* is distinguishable from these facts. For those reasons, the Court rejects Defendant's argument regarding standing.

Next, Defendant argues that damages cannot be calculated on a class-wide basis. ECF No. 84 at 41-44. Defendant proffers the same arguments as in its motion to exclude Plaintiffs' expert testimony, including that Dr. Dennis' damage model does not measure the class claims, the model fails to distinguish between injured and uninjured class members, the price-premium model is insufficiently defined, and individualized economic inquiries are required. The Court, *supra* § II-B, rejects these arguments and concludes that criticisms of Plaintiffs' damages models are more appropriate when considering their weight, not admissibility.

The Court agrees with Plaintiffs that their GBL and express warranty claims use an objective standard that require no individualized inquiries. The Court also agrees that

1  Plaintiffs' damages models are appropriate at the class certification stage. Therefore, the
2  Court finds that predominance is met for both the GBL and express warranty claims.

### 2. Superiority

Beyond predominance, the second requirement of Rule 23(b)(3) is that the class action must be "superior" to other available methods to fairly and efficiently adjudicate the controversy. Fed. R. Civ. P 23(b)(3). Factors to consider include "A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

Plaintiffs argue that these factors weigh for finding the class action vehicle to be superior because the amounts to be recovered are modest for individuals and so they are individually unlikely to bring suit. ECF No. 68-1 at 43. Plaintiffs assert that they are not aware of any other litigation involving the Products, other than *Corbett*. *Id.* Plaintiffs also assert that this District is the appropriate forum given its substantial ties to Defendant. *Id.* Defendant challenges superiority because the class is not manageable and individual factual questions predominate. ECF No. 84 at 45. The Court finds these arguments meritless. The Court concludes that Plaintiffs have met their burden to show that a class action is the superior method to adjudicate the class members' claims.

///
///
///
///
///
///
///
///

# V.   CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** the motion for class certification and **DENIES** the respective *Daubert* motion. Only the New York class is certified. Certification of the proposed California class is **DENIED** because those claims are barred. Plaintiffs' motion to file documents under seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 11, 2025

Honorable James E. Simmons Jr.
United States District Judge