UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No.: 3:23-cv-01318-JES-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTINUANCE**<br><br>[ECF No. 121] |

Before the Court is the parties' opposed joint motion regarding Plaintiff's request for a continuance. ECF No. 112. Plaintiff seeks an order extending certain deadlines regarding class notice, which Defendant opposes in part. *Id.*

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); *see also* ECF No. 116 at 8 (Scheduling Order, stating that "[t]he dates

[] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3;24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, Plaintiff's counsel represents to the Court that Plaintiff Linda Sunderland, who represents the New York class, is no longer willing or able to act as class representative. ECF No. 121 at 2, 9. Though Plaintiff's counsel sought to speak with Ms. Sunderland about her decision, she ultimately decided to cancel their scheduled call, "reiterating her wish to stop participating in the lawsuit" and no further communication has occurred. *Id*. Thus, Plaintiff filed the instant motion. Since Plaintiff's counsel "is working fastidiously to locate" a replacement class representative for Ms. Sunderland, Plaintiff seeks an extension of certain deadlines. *Id*. at 2. Specifically, Plaintiff seeks to extend the deadlines related to class notice. *Id*. Defendant opposes Plaintiff's request in part, explaining that the instant motion and its underlying issues regarding Ms. Sunderland's replacement class representative, should have been brought pursuant to the dates set forth in the Scheduling Order and not in a separate motion. *Id*. at 5–6.

After the October 24, 2025, Case Management Conference, the Court issued a Scheduling Order, which included deadlines relating to class notice. ECF No. 116. Specifically, the Court required that Plaintiff provide Defendant with her proposed notice plan, including the form of the notice and how it will be distributed to class members, by November 10, 2025. *Id.* at 1. Plaintiff's counsel has represented that they complied with this deadline. ECF No. 121 at 9. By November 19, 2025, Defendant was required to respond to Plaintiff regarding whether it agreed or disagreed with Plaintiff's plan. ECF No. 116 at 1. If the parties agreed, they were required to file an Unopposed Joint Motion for Approval of Notice Plan by December 3, 2025. *Id.* If the parties disagreed, the Court set deadlines for the filing of a Joint Motion for Resolution of Dispute Regarding Class Notice Plan for determination by the District Judge. *Id.* at 2. Plaintiff's portion of the proposed joint motion was to be served on Defendant by December 3, 2025; Defendant's portion of the proposed joint motion was to be served on Plaintiff by December 15, 2025; and the final joint motion was to be filed by December 16, 2025. *Id.* Defendant argues that the instant motion should have been filed in the manner set forth above—by the December 16, 2025, deadline—to include all the issues of the parties, such as any notice plan disputes *and* whether Ms. Sunderland should be replaced as class representative or if decertification is warranted. ECF No. 121 at 5.

Here, Plaintiff argues that, because Ms. Sunderland has withdrawn as the class representative, counsel cannot meet the deadlines set forth above regarding class notice. ECF No. 121 at 2–4. The Court disagrees. In the notice plan, the identity of the named plaintiff only serves as a heading, i.e., a name to put in the "plaintiff" section. All of the other elements of notice will be the same, such as the form and substance of the notice and how it will be distributed to class members, regardless of the name of the class representative. The Court finds the parties can finalize the notice, or seek resolution of disputes regarding the notice, while Plaintiff seeks a new class representative. Thus, the Court does not find good cause to extend the deadlines relating to class notice and **DENIES** Plaintiff's motion. Given that certain deadlines have passed while the parties were drafting

the instant motion, the Court *slightly* modifies the deadlines as follows: (1) the parties must continue to meet and confer regarding Plaintiff's notice plan; (2) if there are no disputes regarding the notice plan, aside from any disputes regarding the identity of the class representative, an Unopposed Joint Motion for Approval of Notice Plan must be filed by **December 10, 2025**; and (3) if there are disputes regarding the notice plan, Plaintiff must serve her portion of the proposed Joint Motion for Resolution of Dispute Regarding Class Notice Plan on Defendant by **December 10, 2025**; Defendant must serve its portion of the proposed joint motion on Plaintiff by **December 17, 2025**; Plaintiff and Defendant will have the opportunity to exchange minor[1] changes on December 18, 2025; and the final Joint Motion must be filed[2] by **December 18, 2025**.

The Court does find good cause to **GRANT IN PART** Plaintiff's request, insofar as it alludes to seeking an extension of the scheduling order for filing a motion to amend the complaint to substitute a class representative. The Court, however, finds Plaintiff's requested 60-day continuance to be unnecessarily lengthy. Instead, given that Ms. Sunderland notified counsel that she no longer wished to serve as a class representative nearly one month ago, the Court finds a three-week extension to be adequate. As such, Plaintiff must file her Motion to Amend the Complaint to Add a New Named Plaintiff by **December 29, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

---

[1] The parties are expected to fully articulate their positions in their initial draft of their portions of the joint motion. The purpose of the brief time between the exchange of drafts and the filing deadline is to allow the parties to review and understand each other's positions and make minor adjustments to their portions in response.

[2] The joint motion must be no longer than fourteen (14) pages total, excluding exhibits, with no more than seven (7) pages from each side.

All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 116) remain in place. The Court notes that neither party sought an extension of the December 16, 2025, fact discovery deadline. *See* ECF No. 121. At this time, the Court will leave the remainder of the schedule unchanged. Should the District Judge grant Plaintiff's motion to amend the complaint, the parties may file a joint motion to amend the scheduling order regarding fact discovery so that Defendant may take discovery of the new plaintiff.

**IT IS SO ORDERED.**

Dated: December 7, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge