Trenton R. Kashima (SBN 291405)
**BRYSON HARRIS SUCIU**
**& DEMAY PLLC**
19800 MacArthur Blvd., Suite 270
Irvine, CA 92612
(212) 946-9389
tkashima@brysonpllc.com

*Attorneys for Plaintiffs*
*and the Class*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation,<br><br>Defendant. | Case No: 3:23-cv-01318-JES-AHG<br><br>**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUBSTITUTE CLASS REPRESENTATIVES AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, AND MEMORANDUM IN SUPPORT**<br><br>Date: February 4, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. James E. Simmons, Jr.<br>Ctrm: Courtroom 4B |

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES .................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

INTRODUCTION ..................................................................................................... 1

RELEVANT PROCEDURAL HISTORY ................................................................ 2

LEGAL STANDARD ............................................................................................... 3

**ARGUMENT** ............................................................................................................. 4

    A.    Good Cause Exists to Amend the Scheduling Order ................................. 4

    B.    Leave to Amend Should be Granted .......................................................... 6

        1.    Defendant will not be prejudiced by the substitution of class representatives ................................................................................. 6

        2.    Plaintiffs have not delayed in seeking leave ................................... 7

        3.    Plaintiffs' Motion is brought in good faith ...................................... 8

        4.    Amendment is not futile and there are no previous Amendments to the Complaint ............................................................................... 8

    C.    The Class Certification Order Should be Amended Because Substitution of the New York Class Representative Is Necessary to Protect the Interests of the Certified Class. ................................................................. 9

CONCLUSION ........................................................................................................ 11

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*,
   No.,09-cv-0464, 2010 WL 760452 (N.D. Cal. Mar. 4, 2010) ...................................7

*Birmingham Steel Corp. v. Tennessee Valley Authority*,
   353 F.3d 1331 (11th Cir. 2003) ................................................................................2

*Bogner v. Masari Investments, LLC*,
   257 F.R.D. 529 (D. Ariz. 2009) ..............................................................................10

*Diaz v. Sun-Maid Growers of California*,
   No. 119CV00149LJOSKO, 2019 WL 3530399 (E.D. Cal. Aug. 2, 2019) ................7

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ..................................................................................6

*Fishon v. Premier Nutrition Corp.*,
   2022 WL 958378 (N.D. Cal. Mar. 30, 2022) ...................................................4, 9, 11

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................10

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ..................................................................................10

*Hinojos v. Kohl's Corp.*,
   No. 2:10-CV-07590-ODW, 2013 WL 5835780 (C.D. Cal. Oct. 29, 2013) ..............8

*In re Fritz Cos. Sec. Litig.*,
   282 F. Supp. 2d 1105 (N.D. Cal. 2003) ....................................................................6

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ..................................................................................10

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013) ....................................................................................4

*Johnson v. Buckley*,
   356 F.3d 1067 (9th Cir. 2004) ..................................................................................4

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ....................................................................................3

*Johnson v. Oroweat Foods Co.*,
   945 F.2d (4th Cir. 1991) ...........................................................................................3

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ................................................................................. 8

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*,
  292 F. Supp. 3d 1018 (S.D. Cal. 2017) ................................................................. 9

*Olden v. LaFarge Corp.*,
  472 F.Supp.2d 922 (E.D. Mich. 2007) .................................................................. 5

*Patton v. Experian Data Corp.*,
  No. SACV1701559JVSDFMX, 2019 WL 13034866 (C.D. Cal. Jan. 22, 2019) ................................................................................................................... 2, 4, 5

*Pitts v. Terrible Herbst, Inc.*,
  653 F.3d 1081 (9th Cir. 2011) ............................................................................... 4

*Robichaud v. Speedy PC Software*,
  No. C, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013) ..................................... 9

*Sanchez v. Wal Mart Stores, Inc.*,
  No. CIV206CV02573JAMKJM, 2009 WL 2971553 (E.D. Cal. Sept. 11, 2009) ...... 5

*Schwartz v. Harp*,
  108 F.R.D. 279 (C.D.Cal.1985) .......................................................................... 10

*Shermoen v. U.S.*,
  982 F.2d 1312 (9th Cir. 1992) ............................................................................... 8

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
  708 F.3d 1109 (9th Cir. 2013) ............................................................................... 7

*Sosna v. Iowa*,
  419 U.S. 393 (1975) ............................................................................................... 4

*U.S. Parole Comm'n v. Geraghty*,
  445 U.S. 388 (1980) ............................................................................................... 4

*Velazquez v. GMAC Mortg. Corp.*,
  No. CV 08-05444DDPPLAX, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) .. 2, 4, 5

Rules

FED. R. CIV. P. 15 ..................................................................................................... 3

FED. R. CIV. P. 16 ..................................................................................................... 3

FED. R. CIV. P. 23 ........................................................................................... 9, 10, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Substitute Class Representatives and For Leave to File the First Amended Complaint, a redlined version of which is attached as Exhibit A to the Declaration of Trenton R. Kashima, concurrently field herewith ("Kashima Decl."), for the purpose of substituting new plaintiffs in place of the current class representative, Ms. Linda Sunderland, for the certified New York Class. Plaintiffs' Counsel (or "Class Counsel") has met and conferred with counsel for Defendant informing them of Plaintiffs' intention to substitute class representatives, which they oppose.

## INTRODUCTION

On September 12, 2025, the Court entered an order granting in part and denying in part Plaintiffs' Motion for Class Certification and denying Defendant's Motion to Exclude. *See* generally, ECF No. 106. The Order denied certification of Plaintiffs' proposed California Class, *id*. at p. 9, but granted certification of Plaintiffs' proposed New York Class, *id*. at p. 17. At the time of class certification, Ms. Linda Sunderland was an active and adequate class representative. *Id*. Following certification, on November 10, 2025, Ms. Sunderland notified class counsel that she was no longer willing or able to act as class representative. *See* ECF No. 121 at p. 8, Declaration of Nick Suciu III. The Substitution of the New York class representatives is necessary to protect the interests of the New York Certified Class. To that end, Class Members LaReese Wilson and Melanie Wohl seek adding their names to the Complaint, in order to serve as Class Representatives.

LaReese Wilson and Melanie Wohl both purchased the Class Products[1] during the Class Period, relying on the challenged representations that the Products were

---

[1] The Class Products at issue are: Elderberry Original Syrup, Sambucol Black Elderberry Sugar Free, Sambucol Black Elderberry Syrup for Kids, Sambucol Black Elderberry Effervescent Tablets, Sambucol Black Elderberry Chewable Tablets, Sambucol Black Elderberry Pastilles, Sambucol Black Elderberry Daily Immune Drink Powder & Sambucol Black Elderberry Advance Immune Syrup. *See* ECF No. 106 at p. 3.

- 1 -

developed by a virologist. Declaration of LaReese Wilson, concurrently field herewith ("Wilson Decl."), at ¶¶ 4-5; Declaration of Melanie Wohl, concurrently field herewith ("Wohl Decl."), at ¶¶ 4-5. LaReese Wilson and Melanie Wohl understand and accept the duties of a plaintiff and of a class representative if appointed. Wilson Decl., at ¶ 8; Wohl Decl., at ¶ 8. Additionally, LaReese Wilson and Melanie Wohl are willing to respond to discovery quickly, be available for deposition, and to testify at trial. Wilson Decl., at ¶ 9; Wohl Decl., at ¶ 9.

The case law is clear that the substitution of class representatives is permissible following certification. "'[O]nce certified, a class acquires a legal status separate from that of the named plaintiffs,' such that the named plaintiff's loss of standing does 'not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims.'" *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444DDPPLAX, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009) (*quoting Birmingham Steel Corp. v. Tennessee Valley Authority,* 353 F.3d 1331, 1336 (11th Cir. 2003)); *see also Patton v. Experian Data Corp.*, No. SACV1701559JVSDFMX, 2019 WL 13034866, at *2 (C.D. Cal. Jan. 22, 2019) (same). Additionally, Defendant will not be prejudiced if leave is granted to substitute the class representatives. The proposed amendment will not cause any deadlines to be extended or otherwise delay the litigation. On the contrary, permitting substitution and allowing this amendment will further the interests of justice and allow the litigation to proceed efficiently without delay.

## RELEVANT PROCEDURAL HISTORY

On September 12, 2025, the Court entered an order granting in part and denying in part Plaintiffs' Motion for Class Certification and denying Defendant's Motion to Exclude. *See generally*, ECF No. 106. The Order denied certification of Plaintiffs' proposed California Class, *id*. at 9, and granted certification of Plaintiffs' proposed New York Class, *id*. at 17. On December 5, 2025, Plaintiffs and Defendant filed an opposed joint motion regarding Plaintiffs' request for continuance since the New York Class Representative, Ms. Sunderland, was no longer willing or able to act as Class

| | |
|---|---|
| 1 | Representative. ECF No. 121. On December 7, 2025, the Court entered an order |
| 2 | granting in part and denying in part Plaintiffs' Motion for Continuance in which the |
| 3 | Court extended certain deadlines regarding class notice. ECF No. 122. The Court also |
| 4 | found good cause to grant Plaintiffs' request seeking an extension of the scheduling |
| 5 | order for filing a motion to amend the complaint to substitute the class representative. |
| 6 | *Id*. |

## LEGAL STANDARD

A party seeking to amend a pleading after the date specified in the scheduling order must first show modification is appropriate under Federal Rule of Civil Procedure 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 945 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (internal citation and quotation marks omitted). The focus of a court's inquiry under Rule 16 is the moving party's reasons for seeking modification; "[i]f that party was not diligent the inquiry should end." *Id*.

Upon a showing of good cause to modify the Scheduling Order, the party seeking to amend the pleading must then demonstrate that amendment is proper pursuant to Federal Rule of Civil Procedure 15. *Id*. at 608. Rule 15 provides that a party may amend their pleadings once "as a matter of course" before a responsive pleading is served. FED. R. CIV. P. 15(a)(1). After that, a party may amend its pleading only by leave of the court, or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. There are five factors to consider when deciding a motion for leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended [its] complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d

716, 738 (9th Cir. 2013) (internal citation and quotations omitted); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The substitution of class representatives is both permissible and necessary to allow a substitution of a named representative to protect the interests of a certified class. This is because a certificated class 'acquire[s] a legal status separate from the interest asserted by [the class representative],' [*Sosna v. Iowa*, 419 U.S. 393, 399 (1975)], so that an Article III controversy now exists 'between a named defendant and a member of the [certified] class,' *id.* at 402." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011). Thus, the loss of a named plaintiff does not call for the dismissal of the class's claims. *Velazquez*, 2009 WL 2959838, at *3 ( (; *see also Patton*, 2019 WL 13034866, at *2 (same). "Indeed, courts have also expressed a preference for plaintiff's counsel to locate a new class representative once the original class representative can no longer carry on their duties, rather than dismissing or decertifying a class." <u>Fishon v. Premier Nutrition Corp.</u>, No. 16-CV-06980-RS, 2022 WL 958378, at *2 (N.D. Cal. Mar. 30, 2022).

Moreover, "Rule 23(c)(1)(C) directs that an order granting class certification may be altered or amended before final judgment." *Id*. at *3 (internal quotation marks omitted). "The court can re-examine the class representative's ability to represent the interests of class members. Should it be found wanting, the court may seek a substitute representative." *Id*. (internal quotation marks and brackets omitted) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 415 n.8 (1980)).

## **ARGUMENT**

### A.  Good Cause Exists to Amend the Scheduling Order

On September 12, 2025, the Court entered an order granting in part and denying in part Plaintiffs' Motion for Class Certification and denying Defendant's Motion to Exclude. *See* generally, ECF No. 106. In this Order, Plaintiffs' New York Class was certified. At the time of class certification, Ms. Sunderland was determined to be an adequate class representative. *Id*. But following certification, on November 10, 2025,

- 4 -

Ms. Sunderland notified class counsel that she was no longer willing or able to act as class representative. *See* Declaration of Nick Suciu III, ECF No. 121 at p. 8. Accordingly, the certified New York Class is not without a willing class representative.

Class Counsel scheduled a call with Ms. Sunderland for November 18, 2025 to discuss the matter. *Id*. ¶ 5. On the morning of November 18, however, Ms. Sunderland contacted our office by email to cancel the scheduled call, reiterating her refusal to continue participating in the lawsuit, citing medical reasons. *Id*. ¶ 6. Since then, Class Counsel has not been able to communicate with Ms. Sunderland. *Id*. In order to protect the interests of the Class, Class Counsel has located and now moves to add two replacement Plaintiffs and class representatives for Ms. Sunderland. Kashima Decl. at ¶ 9.

These are legitimate reasons for the instant Motion. While Plaintiff Sunderland diligently represented the New York Class since her involvement in this Action, after two years she is no longer willing or able to represent the New York Class. There is good cause to allow amendment to the complaint to substitute her as class representative to protect the interests of the certified New York Class. *Velazquez*, 2009 WL 2959838, at *3; *see also Patton*, 2019 WL 13034866, at *2 (same); *Sanchez v. Wal Mart Stores, Inc.*, No. CIV206CV02573JAMKJM, 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009) ("[L]eave to substitute a different class representative may be granted when there is a certified class already in place."); *Olden v. LaFarge Corp.*, 472 F.Supp.2d 922, 937 (E.D. Mich. 2007) ("'If events occurring after class certification render a class representative inadequate, a court may remedy the problem by substituting a new representative.'") (*quoting* Moore's Federal Practice § 23.25[6]).

Additionally, Plaintiffs have been diligent in seeking amendment. As soon as Class Counsel confirmed it would be necessary to move to substitute the Plaintiff, Class Counsel reached out to Defendant seeking agreement on an extension of the pending deadlines. ECF No. 121. Since November 20, 2025, Class Counsel immediately began searching for Class Members who were willing and able to substitute the class

representative of the New York Class. Kashima Decl., ¶ 8. Once they were identified as Class Members, LaReese Wilson and Melanie Wohl agreed to accept the responsibilities and duties of a class representative and provide information to allow the amendment of the operative class complaint. *Id.* at ¶ 5 Class Counsel also promptly began working with LaReese Wilson and Melanie Wohl in order to prepare and submit their declarations with this Motion demonstrating their adequacy and typicality. *Id.* ¶ 6.

Accordingly, Plaintiffs were diligent in seeking leave to amend for the purpose of substituting class members. Good cause exists to amend the Scheduling Order to permit Plaintiffs leave to file a First Amended Complaint adding LaReese Wilson and Melanie Wohl as new plaintiffs.

### B. Leave to Amend Should be Granted

#### 1. Defendant will not be prejudiced by the substitution of class representatives

When considering whether to grant leave to amend, the factor that carries the "greatest weight" is "the consideration of prejudice to the opposing party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." *In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003). Here, Defendant cannot establish that it would be prejudiced by the substitution of class representative and the corresponding amendment to name new representatives as plaintiffs.

If permitted, these substitutions will not change or alter the claims Plaintiffs raised in this Action, will not impact Plaintiffs' long-established theory of the case, will not affect Plaintiffs' theory of damages, and will not delay the current deadlines in this Action. The allegations and claims remain materially identical other than the specific facts related to the new class representatives. *See generally* Kashima Decl., Ex. A (proposed First Amended Complaint). "Prejudice is not found where the opposing party 'should be fully prepared to litigate the substantive issues of the claim, given that both the theory and the operative facts of the claim remain the same.'" *Diaz v. Sun-Maid*

*Growers of California*, No. 119CV00149LJOSKO, 2019 WL 3530399, at *3 (E.D. Cal. Aug. 2, 2019) (quoting *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (internal quotation marks omitted). Additionally, LaReese Wilson and Melanie Wohl are aware of their duties in this litigation and are prepared to promptly respond to discovery and be prepared to testify at trial. Wilson Decl., at ¶ 9; Wohl Decl., at ¶ 9. Moreover, any "[p]rejudice to the opposing party if the court grants leave to amend must be balanced against prejudice to the moving party if the court denies leave to amend." *Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, No. 09-cv-0464, 2010 WL 760452, at *4 (N.D. Cal. Mar. 4, 2010). Class Members would suffer substantial prejudice if the Court were to deny leave to amend because, in the absence of an amendment, the Certified Class for New York would be denied an opportunity to seek monetary relief. In short, denying leave to amend to substitute class representatives for New York Class would significantly limit their claims. On balance, allowing the amendment would cause minimal prejudice to Defendant—but more likely none whatsoever—whereas denying the amendment would substantially prejudice Plaintiffs and the New York Class.

### 2. Plaintiffs have not delayed in seeking leave

Immediately as Class Counsel first learned that Ms. Sunderland's adequacy as Class Representative may have changed on November 10, 2025, Class Counsel scheduled a call to address the matter with Ms. Sunderland. Kashima Decl., at ¶ 4. Two days after Class Counsel had confirmed substitution would be necessary, Class Counsel had both met and conferred with Defendant on the question of an extension of the deadlines and began searching for an adequate substitute Plaintiff. Class Counsel brought a Motion for Extension six business days after confirming Defendant's position to appraise the Court of the situation and in order to get a proper schedule in place. *See* ECF No. 121. Class Counsel was diligent in vetting and interviewing class members who expressed interest in serving as representatives. Kashima Decl., at ¶ 8. Class Counsel has worked diligently in identifying potential replacement class representatives

and in bringing this Motion. Kashima Decl. ¶¶ 8-10; *see also Hinojos v. Kohl's Corp.*, No. 2:10-CV-07590-ODW, 2013 WL 5835780, at *2 (C.D. Cal. Oct. 29, 2013) (finding no undue delay when it took class counsel "almost three months to find suitable replacement class representatives" because this time was "reasonable in light of the time required to identify, investigate, and interview absent class members to find a suitable candidate." (emphasis added)). Because there has been no undue delay in bringing this Motion, the Court should grant leave to amend the complaint to allow substitution of class representatives.

### 3. Plaintiffs' Motion is brought in good faith

Plaintiffs do not bring this motion in bad faith. It is not intended to delay this Action and is not asserted for any improper reason. To the contrary, amendment of the complaint is in the best interest of the Certified Classes.

### 4. Amendment is not futile and there are no previous Amendments to the Complaint.

Plaintiffs' proposed amendments to the operative complaint are not futile. A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (finding proposed amended complaint futile if it would be immediately subject to dismissal); *see also Shermoen v. U.S.*, 982 F.2d 1312, 1319 (9th Cir. 1992) (noting an amendment is futile when it lacks legal foundation). That is not the case here. This would be the first proposed amendment of the operative complaint. Additionally, this is the first amendment following the Court's certification of the New York Class. Moreover, the proposed amendment merely seeks to add LaReese Wilson and Melanie Wohl as named plaintiffs and class representatives of the New York Class. The proposed amendments would not add any new claims or legal theories to this Action. Thus, this factor also weighs in favor of granting leave to amend.

**C.    The Class Certification Order Should be Amended Because Substitution of the New York Class Representative Is Necessary to Protect the Interests of the Certified Class.**

An order granting class certification "may be altered or amended before final judgment." FED. R. CIV. P. 23(c)(1)(C). Class certification should be considered "flexible, particularly in protracted litigation," and a certification order should be amended where necessary to protect the interests of the class. *See id.*, advisory committee's note. Moreover, under Rule 23, a court is permitted to issue any order necessary to "deal with [] procedural matters," to ensure the interests of class members are protected. *See* FED. R. CIV. P. 23(d)(1)(E). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent development in the litigation." *Fishon*, 2022 WL 958378, at *3 (*quoting Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

Here, amendment of the Certification Order by substituting Plaintiff Linda Sunderland as class representative of the certified New York Class is not only appropriate but necessary to protect the interests of the class members. Although Plaintiff Linda Sunderland is no longer willing or able to be a Class Representative, there remain tens of thousands of class members in New York who still qualify as class members under the Class definition—and their interests are currently unrepresented. Following certification, the law recognizes that absent class members' interests must be protected—which is typically done through a class representative. When a class representative can no longer serve the interests of the certified class, the law still demands that the class members' interests be upheld. To protect the interests of the certified Classes, substitution of new class representatives is necessary and proper. *See Nunez v. BAE Sys. San Diego Ship Repair Inc.,* 292 F. Supp. 3d 1018, 1059 (S.D. Cal. 2017) ("Federal Rule of Civil Procedure 23(a)(4) requires that representative parties in a class action 'will fairly and adequately protect the interests of the class.' Courts have the inherent power to replace class representatives."); *Robichaud v. Speedy PC Software*, No. C 12 04730 LB, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013) ("In

- 9 -

class actions, where a named Plaintiff's individual claims fail or become moot for a reason that does not affect the viability of the class claims, courts regularly allow or order the plaintiffs' counsel to substitute a new representative plaintiff.") (collecting cases); *Bogner v. Masari Investments, LLC*, 257 F.R.D. 529, 533 n.1 (D. Ariz. 2009) ("[I]f Plaintiffs prove to be incapable of representing the class effectively, the Court has power to replace them.").

A substitute class representative must, of course, meet the requirements under Rule 23, showing in particular that they are an adequate representative whose claims are typical of class. LaReese Wilson and Madeline Wohl demonstrate not only their willingness to serve and protect the interests of the New York Class but are adequate and typical representatives. "The 'test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (*quoting Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D.Cal.1985)). First, LaReese Wilson and Madeline Wohl each purchased Class Products during the Class Period, and each overpaid for their Class Products at the original point of sale. Wilson Decl., ¶ 4; Wohl Decl., ¶ 4; *see also* Kashima Decl., ¶ 9. Defendant uniformly marketed its Products as being "Virologist Developed", containing an "unique" and "proprietary method of extraction". *See* ECF No. 106 at p. 3-4; ECF No. 68-3, Declaration of Trenton Kashima in Support of Plaintiffs' Motion for Class Certification, ¶ 2. Put simply, LaReese Wilson and Madeline Wohl suffered the exact same injury that every Class Member suffered: overpaying for the Class Products in the Class Period. Wilson Decl., ¶ 10; Wohl Decl., ¶ 10. This satisfies typicality.

The adequacy "determination has two parts: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539, 566 (9th Cir. 2019) (quoting *Hanlon*

*v. Chrysler Corp.,* 150 F.3d 1011, 1021 (9th Cir. 1998). As explained, LaReese Wilson and Madeline Wohl are typical class members and their interests and claims align with other members of the New York Class. Wilson Decl., ¶ 10; Wohl Decl., ¶ 10. LaReese Wilson and Madeline Wohl affirm they will vigorously represent the interests of their fellow class members in this Action. Wilson Decl., ¶¶ 8-9; Wohl Decl., ¶¶ 8-9. Indeed, LaReese Wilson and Madeline Wohl have already been diligent in working with Class Counsel by answering questions about their experience in purchasing the Class Products and beginning to gather information and documents that are likely relevant for upcoming discovery. *Id.* They have already expressed their willingness to respond to discovery requests, to sit for depositions, and to testify at trial. Wilson Decl., ¶ 9; Wohl Decl., ¶ 9. Both LaReese Wilson and Madeline Wohl are adequate class representatives.

As adequate and typical proposed class representatives, there is no concern that LaReese Wilson and Madeline Wohl will not represent the interests of the certified New York Class. *See Fishon*, 2022 WL 958378 at *4 ("A declaration from a proposed class representative may be sufficient to demonstrate adherence with the Rule 23 requirements, and other courts when substituting in a new plaintiff following class certification have assessed a proposed class representative's qualifications to lead the class based on declarations."). Both LaReese Wilson and Madeline Wohl can take Plaintiff Linda Sunderland's place in representing the New York Class interests, respectively, without further delaying this Action. Their substitution will ensure that absent class members' interests are fully protected. This Court should permit their substitution.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court (1) permit the substitution of the Plaintiff and class representative Linda Sunderland; (2) appoint LaReese Wilson and Melanie Wohl as the new representatives of the certified New York Class; (3) grant Plaintiffs leave to file a First Amended Complaint, which substitutes LaReese Wilson and Melanie Wohl as named Plaintiffs and class

representatives; and (4) amend the Court's class certification order to appoint LaReese Wilson and Melanie Wohl as class representatives of the New York Class.

DATED: December 29, 2025          Respectfully submitted,


By: /s/ Trenton R. Kashima

Trenton R. Kashima (SBN 291405)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
19800 MacArthur Blvd., Suite 270
Irvine, CA 92612
(212) 946-9389
tkashima@brysonpllc.com


Nick Suciu III*
**BRYSON HARRIS SUCIU & DEMAY PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (616) 678-2180
nsuciu@brysonpllc.com

Martha Geer (*pro hac vice*)
Luis Cardona (*pro hac vice*)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
900 West Morgan Street
Raleigh, NC 27603
Tel: (919) 600-5000
mgeer@brysonpllc.com
lcardona@brysonpllc.com

*Attorneys for Plaintiffs and the Class*