UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No.: 3:23-cv-01318-JES-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR EXTENSION OF EXPERT DISCOVERY DEADLINES**<br><br>**[ECF No. 133]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 133. The parties seek a 60-day extension of the expert disclosure deadlines, expert discovery cutoff, and the pretrial motion filing deadline. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 116 at 8 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See,*
1

*e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, merits expert disclosures are due on January 30, 2026; merits rebuttal expert disclosures are due on March 2, 2026; merits expert discovery closes on April 3, 2026; and the pretrial motion filing deadline is May 22, 2026. ECF No. 116. The parties seek a 60-day extension of each of these deadlines. ECF No. 133. The parties represent to the Court that they seek this extension due to their pending motion for determination of notice plan dispute and Plaintiff's pending motion to amend, which seeks to substitute two new plaintiffs in place of Ms. Sunderland, which are both set for a hearing before the District Judge on February 18, 2026. *Id*. at 2. The parties represent that they wish to "avoid potentially unnecessary merits expert work and/or merits expert work without certainty as the operative pleading, parties and claims." *Id*. As such, the parties seek an order from the Court extending the merits expert disclosure deadline to March 30, 2026; the merits rebuttal expert disclosure deadline to May 1, 2026; the merits expert discovery cutoff to June 1, 2026; and the pretrial motion filing deadline to July 22, 2026. *Id*. at 3.

The Court expresses its concern regarding the parties' delay in filing the instant motion. By filing the motion <u>three days before</u> the January 30, 2026, expert disclosure deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2

(requiring that "[a]ll requests for continuances must be made by a joint motion <u>no less than seven calendar days before</u> the affected date") (emphasis added). The parties do not attempt to explain or justify their delay, or provide the Court with any information to determine whether they have been diligently attempting to meet the original deadlines. *See Doe*, 2025 WL 2881574, at *1–*2. Instead, the parties reference motions filed a month ago and a desire to "avoid potentially unnecessary merits expert work[,]" which could lead to an inference that the parties had halted expert discovery after the filing of those motions, which would belie a finding of diligence. The parties also do not sufficiently explain how the pending motions impact the scope of expert discovery, as Plaintiff's motion to amend included representations that "[t]he proposed amendments would not add any new claims or legal theories to this [a]ction." ECF No. 129-1 at 12; *see also id*. at 6 ("The proposed amendment will not cause any deadlines to be extended or otherwise delay the litigation"). Further, the Court notes that the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that ***describes the steps taken to comply with the existing deadlines***, and the ***specific reasons*** why the deadlines cannot be met") (emphasis added). Aside from being required, a declaration would have been helpful to the Court in resolving the many omissions noted above.

Though the Court finds that the delay in filing the instant motion belies a finding of diligence, as well as the lack of explanation regarding the reasoning for the extension, in the interest of the case being decided on the merits, the Court will **GRANT IN PART and DENY IN PART** the joint motion as follows:

1. The parties shall designate their respective experts in writing by <u>**January 30, 2026**</u>. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **<u>March 2, 2026</u>**. The written designations shall include the name, address and telephone number of the expert

and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

    2.    By **February 20, 2026**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

    3.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **March 23, 2026**.

    4.    All expert discovery shall be completed by all parties by **April 20, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 116 at 2–3. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    5.    All other dates, deadlines, and procedures—including, but not limited to, the May 22, 2026, pretrial motion filing deadline; the July 27, 2026, Mandatory Settlement Conference; and the September 30, 2026, Pretrial Conference—set forth in the Court's Scheduling Order (ECF No. 116) and Minute Order (ECF No. 130) **remain in place**.

    **IT IS SO ORDERED.**

Dated: January 28, 2026

                                                                                                      *[signature]*
                                        Honorable Allison H. Goddard
                                        United States Magistrate Judge