SEYFARTH SHAW LLP
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

SEYFARTH SHAW LLP
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA  02210
Telephone:  (617) 946-4800
Facsimile:   (617) 946-4801

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA  90067-3201
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
PHARMACARE U.S., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:23-cv-01318-JES-AHG<br><br>**PHARMACARE U.S., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE CLASS REPRESENTATIVES AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Dated:     February 18, 2026<br>Time:      1:00 p.m.<br>Judge:     Hon. James E. Simmons, Jr.<br>Ctrm:      4B |

323370445v.1

## **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND .................................................................................................2

III.   ARGUMENT.........................................................................................................5

    A.     Good Cause Does Not Exist To Allow Amendment Under Rule 16..............5

        1.     Plaintiff's Amendment Will Unduly Prejudice PharmaCare. ..............5

        2.     Plaintiff Does Not Establish Her and Her Counsel's Diligence In Disclosing Her Inadequacy....................................................................8

    B.     Plaintiff Failed to Demonstrate Amendment is Proper Under Rule 15. .......10

        1.     The Amendment Will Significantly Prejudice PharmaCare...............10

        2.     Plaintiff's Motion is Made In Bad Faith.............................................10

        3.     Delay Cannot Be Evaluated On the Bare Record Before The Court..11

    C.     Plaintiff Should Be Required to Respond to Written Discovery. .................11

IV.    CONCLUSION.................................................................................................12

323370445v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Asetek Danmark A/S v. CoolIT System Inc.*,
2022 WL 74160 (N.D. Cal. Jan. 7, 2022).......................................................11

*Bennett v. N. Amer. Bancard, LLC*,
2022 WL 581828 (S.D. Cal. Feb. 25, 2022)......................................................7

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 148 (9th Cir. 2003) ...........................................................................10

*Fishon v. Premier Nutrition Corp.*,
2022 WL 958378 (N.D. Cal. March 30, 2022).................................................8

*Foman v. Davis*,
371 U.S. 178 (1962)..........................................................................................10

*Hitt v. Arizona Beverage Co., LLC*,
2009 WL 4261192 (S.D. Cal. Nov. 24, 2009)..................................................7

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .......................................................................5, 10

*Jonathan Small & Jotmar, Inc. v. Target Corp.*,
2013 WL 12142545 (D. Minn. Aug. 23, 2019)................................................7

*Keech v. Sanimax USA, LLC*,
2019 WL 79005 (D. Minn. Jan. 2, 2019)..........................................................7

*Osakan v. Apple Am. Grp.*,
2010 WL 1838701 (N.D. Cal. May 5, 2010)..................................................5, 6

*Sherman v. Yahoo! Inc.*,
2015 WL 473270 (S.D. Cal. Feb. 5, 2015).....................................................12

*Velazquez v. GMAC Mortg. Corp.*,
2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) .................................................6

*Walmart v. Dukes*,
564 U.S. 338 (2011)...........................................................................................7

ii

323370445v.1

*Wilson v. Frito-Lay N. Amer., Inc.*,
   2017 WL 3478776 (N.D. Cal. Aug. 14, 2017) ................................................5, 9

**Other Authorities**

Fed. R. Civ. P. 41(a)(2) ........................................................................................11

Rule 15 .............................................................................................1, 2, 10, 11

Rule 16 .............................................................................................1, 5, 9, 10, 11

Rule 23 ...........................................................................................6, 7, 8, 12

323370445v.1

## I.   INTRODUCTION

Plaintiff's counsel seeks to replace the current class representative, Linda Sunderland, with two new purported class members.  Plaintiff's counsel seeks to do so because Plaintiff Sunderland refused to participate in the lawsuit after being served with PharmaCare's second set of written discovery, and thus is not an adequate representative of the certified class.  Fact discovery is closed, a class has been certified, class notice is briefed, merits expert designations have been made, and merits expert reports effectively must be completed by the time of the hearing on this motion.  Needless to say, allowing substitution of two new named plaintiffs now would unduly prejudice PharmaCare, and delay resolution of this case (which is now 2.5 years old) for many months if not years. This prejudice alone requires denial of the motion under Rule 16 and Rule 15.

Moreover, Plaintiff and her counsel fail to demonstrate that they were diligent in notifying PharmaCare and the Court of her purported need to withdraw. The stated basis for Plaintiff's motion is a vague and conclusory hearsay declaration from Plaintiff's counsel indicating that Plaintiff "was going through a personal emergency." Plaintiff's counsel, however, does not explain the nature of the emergency, when the emergency occurred, or how the emergency—a temporary event by definition—several months ago precludes Plaintiff's current and future involvement in the case.  Plaintiff's counsel's declaration also vaguely refers to Plaintiff's "medical issues," but likewise does not explain the nature of those medical issues, when they arose, when Plaintiff and her counsel learned of them and how they preclude her current and future involvement in the case.  Diligence is the hallmark of the Rule 16 inquiry, and Plaintiff fails to set forth a record from which diligence can possibly be found.

The motion should also be denied under Rule 15 because it is brought in bad faith, to avoid dispositive discovery propounded to Plaintiff shortly before her attempt to substitute out of the case.  Defendant's discovery seeks, among other things, admissions that the labels of the Sambucol® lozenges Plaintiff purportedly purchased did not contain

1

323370445v.1

the challenged representations she alleges she relied on in her Complaint. Rather than respond to the discovery, as is required, Plaintiff's counsel seeks to substitute two plaintiffs who allege that they purchased different Sambucol® black elderberry dietary supplements.

Last, under Rule 15, a motion to amend may be denied based on a Plaintiff's delay in notifying the Court and opposing counsel of Plaintiff's inadequacy. The inquiry is based on when Plaintiff's counsel knew or should have known of Plaintiff's inadequacy. But that cannot be determined based on the bare record before the Court. As set forth above, Plaintiff's counsel does not provide facts regarding Plaintiff's emergency or medical issues and whether they were previously known or could have been known through reasonable investigation.

In short, the Court should deny the motion. To the extent the Court grants the motion, the Court should vacate all pending deadlines and allow time for PharmaCare to conduct fact discovery, class certification expert discovery, class certification briefing and merits expert discovery. The Court should also require Plaintiff Sunderland to provide full and complete responses, without objection, to PharmaCare's outstanding discovery.

Plaintiffs' motion rests on the mistaken premise that, once a class is certified, class representatives are interchangeable and may be swapped without consequence. That premise is incompatible with Rule 23's requirement that adequacy and typicality be established through a rigorous, fact-based analysis, not assumed based on allegation in a pleading and untested declarations. Allowing substitution here would nullify completed discovery, undermine the class certification order, and force PharmaCare to relitigate issues already decided—precisely the kind of prejudice Rules 15, 16, and 23 are designed to prevent.

## II.    BACKGROUND

Plaintiff filed her original Complaint on July 18, 2023. ECF No. 1. Since then, the Parties completed fact discovery, with the exception of Plaintiff's overdue responses to Pharmacare U.S., Inc.'s second set of written discovery, discussed further below. The

2

323370445v.1

Parties also completed class certification expert discovery, class certification, class notice briefing and merits experts designations.

Merits expert reports are due on February 20, 2026, two days after the hearing on Plaintiff's Motion.  ECF No. 134.  Merits rebuttal expert disclosures are due March 2, 2026, less than a month away.  *Id.* The pretrial motion deadline is May 22, 2026.  *Id.* A settlement conference is scheduled for July 27, 2026.  And a pretrial conference is scheduled for September 30, 2026.  *Id.*

Plaintiff Sunderland was served with a first set of written discovery to Plaintiff on December 6, 2023.  Orzano Decl. ¶ 6, Ex. A.  Plaintiff served responses and produced documents on January 5, 2024.  *Id.* ¶ 6, Ex. B.  PharmaCare deposed Plaintiff in New York on February 7, 2024.  *Id.* ¶ 8.

On September 19, 2024, Plaintiff filed her Motion for Class Certification.  ECF No. 68-1.  In support of her Motion for Class Certification, Plaintiff submitted a declaration dated September 18, 2024.  ECF No. 68-18.  In the declaration, Plaintiff agreed to make herself available for trial.  *Id.* Plaintiff also swore that she knew of no reason why she could not do so in the future.  *Id.*

On October 25, 2024, PharmaCare filed its Opposition to Plaintiff's Motion for Class Certification.  ECF No. 84.  A substantial portion of PharmaCare's Opposition was based on the Plaintiff's discovery responses and deposition testimony.  *E.g.,* ECF No. 68-18, at 4-6; 10-15; 18-20.  PharmaCare's damages/economics expert, Keith Ugone, relied upon deposition testimony provided by Plaintiff in rebutting the opinions of Plaintiff's experts. ECF No. 89 , Ex. J. at 9 n. 23, and Exhibit 3 thereto.

On November 22, 2024, Plaintiff filed her Reply in support of her Motion for Class Certification.  ECF No. 94.  In support of her Reply, Plaintiff submitted a declaration dated November 19, 2024.  ECF No. 94-15.  In the declaration, Plaintiff swore that she had consistent communications with class counsel.  *Id.*  Plaintiff also again agreed to make herself available for trial.  *Id.*  Plaintiff also again swore that she knew of no reason why she could not do so in the future.  *Id.*

3

OPPOSITION TO MOTION TO SUBSTITUTE
CASE NO. 3:23-CV-01318-JES-AHG

323370445v.1

On January 15, 2025, counsel for the Parties appeared for a hearing on Plaintiff's Motion for Class Certification.  On September 12, 2025, the Court entered an order granting in part and denying part Plaintiff's Motion for Class Certification.  ECF. No. 106. The Court certified a New York class of all persons in New York who, before March 31, 2023, purchased several Sambucol® elderberry dietary supplements for personal or household use and not for resale. *Id.* at 4, 17.

On October 24, 2025, counsel for Sunderland and PharmaCare appeared for a case management conference.  ECF. No. 116. Thereafter, the Court issued a scheduling order providing deadlines for class notice and other deadlines. *Id*.

On November 11, 2025, Plaintiff's counsel provided proposed class notice language to PharmaCare's counsel.

Plaintiff Sunderland was served with a second set of written discovery on November 14, 2025.  Orzano Decl. *Id.* ¶ 20.

On November 19, 2025, PharmaCare served a response to Plaintiff's proposed class notice language with its objections and proposed revised notice language. *Id.* ¶ 21.

On November 20, 2025, Plaintiff's counsel informed PharmaCare's counsel for the first time that Plaintiff was refusing to move forward with the case. *Id.* ¶ 22.  Mr. Suciu stated that Plaintiff's counsel found out that Plaintiff refused to move forward the day before, on November 19, 2025.  *Id.* ¶ 22. That is, Plaintiff's counsel informed PharmaCare's counselthat they found out Plaintiff refused to proceed with the case four days after PharmaCare served its second set of discovery to Plaintiff.

The Parties then conferred on Plaintiff's refusal to proceed with this case and, on December 5, 2025, Plaintiff filed a Joint Motion in which Plaintiff requested, and PharmaCare opposed, a request to extend class notice deadlines.  ECF No. 121.

On December 7, 2025, the Court granted in part and denied in part, Plaintiff's requested relief.  ECF No. 122.  The Court modified the deadlines related to class notice that had already passed and extended the deadline for Plaintiff to file a motion to substitute

OPPOSITION TO MOTION TO SUBSTITUTE
CASE NO. 3:23-CV-01318-JES-AHG

323370445v.1

a class representative to December 29, 2025. *Id.* The Court otherwise left the case schedule in place. *Id.*

Plaintiff's responses to PharmaCare's second set of written discovery were due December 15, 2025. Orzano Decl. ¶ 28. Plaintiff did not serve objections or responses to PharmaCare's second set of discovery, and did not produce any documents. *Id.* Neither Plaintiff nor her counsel requested an extension to respond. *Id.*

Plaintiff filed a Joint Motion Regarding Approval of Class Notice as required on December 18, 2025. ECF No. 126. The Joint Motion sets forth several disputes with respect Plaintiff's proposed class notice plan and notice forms. *Id.*

### III. ARGUMENT

Plaintiff's motion for leave to amend should be denied for failing to satisfy Rules 15 and 16.

### A. Good Cause Does Not Exist To Allow Amendment Under Rule 16.

After a court enters a pre-trial scheduling order, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for modifying the scheduling order. *Id.* at 609. Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Id.* The relevant date for the purposes of evaluating diligence is when the party or her counsel knew or should have known of the facts that give rise to the need to amend. *Wilson v. Frito-Lay N. Amer., Inc.*, 2017 WL 3478776, * 3 (N.D. Cal. Aug. 14, 2017). Although not required, "[p]rejudice is a significant consideration" and provides an additional reason for denying the motion. *Osakan v. Apple Am. Grp.*, 2010 WL 1838701, at *4 (N.D. Cal. May 5, 2010).

#### 1. Plaintiff's Amendment Will Unduly Prejudice PharmaCare.

The motion must be denied because the proposed amendment will unduly prejudice PharmaCare at this late stage of the case. *Wilson v. Frito-Lay N. Am., Inc.*,

5

323370445v.1

2017 WL 3478776 (N.D. Cal. Aug. 14, 2017).  Fact discovery is closed, class certification has been decided, class notice has been briefed, and merits experts have been designated. Throughout those proceedings, PharmaCare relied heavily on Plaintiff Sunderland's sworn testimony, discovery responses, and deposition transcript—material that was incorporated into expert analysis and class-certification briefing. Substitution now would nullify that work entirely.

If permitted, PharmaCare would be required to redo discovery that has already been completed and relied upon.  At a minimum, PharmaCare would need to propound an initial set of written discovery to two new plaintiffs, and take two new depositions in New York.  It likely would also need to serve follow-up written discovery based on those depositions and to renew third-party discovery—such as discovery to ClassAction.org concerning the recruitment and solicitation of the two new named plaintiffs.  This is not a modest supplementation of the record; it is a full reset of Plaintiff-specific fact discovery.

Nor would the prejudice end there.  After completing fact discovery, PharmaCare would be entitled to evaluate whether that record supports a motion to decertify the class, including based on adequacy, typicality, or other Rule 23 defects.  That analysis would likely require additional class-certification expert work.  And because merits experts have already been designated—and merits expert reports will largely be completed by the time the Court rules—, renewed merits expert analysis will likely also be required.  This work will consume substantial time and expense, and delay the resolution of this case by many months if not years.

The proposed amendment is plainly unduly prejudicial.  The need for a defendant to re-do its fact discovery alone has been repeatedly recognized as unduly prejudicial. *Osakan*, 2010 WL 183878013478776, at \*5 ("[a]llowing Plaintiffs to add new plaintiffs at this juncture would require the Defendants to conduct new and/or additional discovery . . . . The need to conduct additional discovery is considered prejudicial."); *Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, \*3-\*4 (C.D. Cal. Sept. 10, 2009) (concluding that "moot[ing] the substantial amount of discovery that ha[d] already been

6

323370445v.1

completed regarding the [named plaintiffs]" would prejudice defendants); *Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (denying motion to amend complaint to substitute plaintiff, finding substitution would prejudice defendants by "effectively moot[ing] the Plaintiff-specific work Defendants have done," including taking discovery and filing a motion to dismiss).

Plaintiff implicitly asks the Court to accept the proposed new Plaintiff's allegations and declarations at face value and allow the case to proceed without discovery into their adequacy or typicality. Neither PharmaCare nor the Court is obligated—or permitted—to do so. Courts have repeatedly emphasized that Rule 23 requires a "rigorous analysis" grounded in evidence, not untested assertions. *Keech v. Sanimax USA, LLC*, 2019 WL 79005, at *5 (D. Minn. Jan. 2, 2019) ("Without discovery in this case, the Court cannot undertake the rigorous analysis required of the class allegations."); *Jonathan Small & Jotmar, Inc. v. Target Corp.*, 2013 WL 12142545, at *1 (D. Minn. Aug. 23, 2019); (denying motion for class certification because no discovery had yet to occur); *cf. Bennett v. N. Amer. Bancard, LLC*, 2022 WL 581828, * 2 (S.D. Cal. Feb. 25, 2022) ("although a defendant is not prohibited from moving to strike class allegations before the motion for class certification, courts often decline to grant such motions 'because the shape and form of a class action evolves only through the process of discovery.'") (citation omitted).

Plaintiff suggests that after class certification, new plaintiffs may simply be plugged in for any other plaintiff and proceed as a certified class. Motion at 4-5. Not so. The cases relied on by Plaintiff are all nearly twenty years old, and pre-date the Supreme Court and Ninth Circuit's significant rulings tightening class certification standards, which require courts, among other things, to rigorously examine adequacy, typicality, reliance and damages based on actual evidence. . *See, e.g., Walmart v. Dukes*, 564 U.S. 338, 350-51 (2011). Under these standards, class representatives are not fungible placeholders. Each proposed representative must be evaluated based on her own experience, testimony, and credibility—none of which can be assumed or inferred at this stage.

7

323370445v.1

Plaintiff's reliance on *Fishon v. Premier Nutrition Corp.*, 2022 WL 958378 (N.D. Cal. March 30, 2022), does not alter that conclusion. In *Fishon*, the court explicitly grounded its decision in the unique "backdrop" of that case, which was "one of numerous cases averring similar state law claims about the same product," where "significant discovery ha[d] occurred over many years in many cases . . . ." *id.* Under those unique circumstances, none of which are present here, the court found substitution not unduly prejudicial to the defendant. *Id.*

The prejudice to PharmaCare under the backdrop of this case is severe. Allowing substitution of two new class representatives after class certification, the close of fact discovery, and merits experts have been designated would require the Court either to reopen and extend the entire case schedule, or to deny PharmaCare a full and fair opportunity to take discovery to test the adequacy and typicality of the new representatives, and evaluate other potential class and merits issues. The former would significantly delay resolution of this already 2.5-year-old case; the latter would violate fundamental principles of due process, procedural fairness and Rule 23. Either result is unduly prejudicial. For that reason alone, Plaintiff's motion should be denied.

### 2. Plaintiff Does Not Establish Her and Her Counsel's Diligence In Disclosing Her Inadequacy.

The Court cannot find Plaintiff and her counsel diligent in raising Plaintiff's inadequacy based on the bare and conclusory record before it. The sole factual support for Plaintiff's motion is a vague and conclusory hearsay declaration from counsel asserting—without detail—that Sunderland "was going through a personal emergency." Counsel does not explain the nature of the purported emergency, when the emergency occurred, how long it lasted, or why an event reported several months ago and that is temporary by definition, precludes Sunderland permanently unable to serve as a class representative in the future.

The same is true of counsel's vague reference to unspecified "medical issues." Counsel does not explain what those issues are, when they arose, when Plaintiff and her

8

323370445v.1

counsel became aware of them, or how they preclude Sunderland's current and future participation in this case.  In short, Plaintiff provides no concrete facts from which the Court can assess either the severity or timing of the alleged issues, much less determine whether Plaintiff acted diligently in bringing this motion.

That omission is dispositive.  The Rule 16 diligence inquiry requires the Court to look to the point in time in which the plaintiff's counsel knew *or through reasonable investigation should have known,* that Sunderland was unable or unwilling to serve as class representative. *Wilson*, 2017 WL 3478776, at *3.  Plaintiff does not address that question. Instead, Plaintiff's counsel merely asserts when Sunderland notified counsel that she was unwilling to continue participating in the litigation.  That is not the relevant inquiry under Rule 16.  The question is not when Plaintiff announced her refusal, but when Plaintiff and her counsel knew or should have known that she would be unable to fulfill her obligations as a class representative.

The record underscores Plaintiff's failure to meet that burden. Ms. Sunderland submitted sworn declarations in September and November 2024 affirming her availability, willingness, and ability to serve as class representative and to testify at trial. Plaintiffs offer no explanation as to how an unspecified "personal emergency" or "medical issue" that allegedly arose months later permanently disqualified her, nor when those issues arose, nor why they were not disclosed earlier. On this record, the Court cannot determine when Plaintiffs' obligation to act arose—and therefore cannot find diligence.

Finally, the timing of Sunderland's purported refusal to participate underscores the need for a fuller factual record.  The record reflects that Sunderland refused to proceed only after PharmaCare served its second set of written discovery to which she refused to provide responses.  That sequence of events heightens—not alleviates—the need for specific, non-conclusory facts before any finding of diligence could possibly be made. Absent such a showing, Plaintiffs have not carried their burden under Rule 16.

9

OPPOSITION TO MOTION TO SUBSTITUTE
CASE NO. 3:23-CV-01318-JES-AHG

### B.    Plaintiff Failed to Demonstrate Amendment is Proper Under Rule 15.

Even if Plaintiff can establish good cause to amend the case schedule under Rule 16—which she cannot—she must still demonstrate that amendment is proper under Rule 15(a). *See Johnson*, 975 F.2d at 607.   In evaluating leave to amend under Rule 15(a)(2), courts consider several factors, including:  (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies by amendments; (4) futility of the amendment; and (5) undue prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962). The most important factor is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 148, 1052 (9th Cir. 2003).  Plaintiff's motion fails under Rule 15 for multiple, independent reasons.

### 1.    The Amendment Will Significantly Prejudice PharmaCare.

As discussed above, permitting substitution of two new named plaintiffs at this late stage—after the close of fact discovery, after class certification, and after merits experts have been designated—would substantially prejudice PharmaCare.  The amendment would nullify completed discovery, potentially undermine expert analyses already performed, and require reopening fact and expert discovery, and invite relitigation of class-certification issues. That prejudice alone is sufficient to deny leave to amend under Rule 15.

### 2.    Plaintiff's Motion is Made In Bad Faith.

The timing and circumstances of Plaintiff's motion also demonstrate bad faith. Although Plaintiff's counsel suggests Plaintiff cannot continue to participate in the case due an "emergency" or "medical issues" occurring several months ago, her refusal to participate occurred only after PharmaCare served its second set of written discovery.  That discovery seeks, among other things, Plaintiff's admission that the Sambucol® lozenges she purportedly purchased *did not contain any of the challenged representations she alleges in her Complaint* to have reviewed and relied on—facts that would be dispositive of her individual claim.

10

323370445v.1

Rather than admit these dispositive facts as she must, Plaintiff's counsel reported that Sunderland would no longer participate and sought a fresh start with two new plaintiffs who allege that they purchased a different Sambucol® elderberry dietary supplement. This sequence of events strongly suggests an effort to avoid adverse discovery and to reset the evidentiary record after the close of fact discovery.  At a minimum, it reflects an attempt to evade the merits while imposing maximum burden, delay, and expense on PharmaCare. That is precisely the type of litigation conduct courts recognize as bad faith under Rule 15. *Asetek Danmark A/S v. CoolIT System Inc.*, 2022 WL 74160, *7 (N.D. Cal. Jan. 7, 2022) ("Bad faith generally refers to efforts to amend the pleadings late in the litigation to obtain an unfair tactical advantage.").

### 3. Delay Cannot Be Evaluated On the Bare Record Before The Court.

Finally, for the same reasons Plaintiff fails to establish diligence under Rule 16, the Court cannot meaningfully evaluate undue delay under Rule 15.  The relevant inquiry is when Plaintiff or her counsel knew—or through reasonable diligence should have known—that Sunderland was unable or unwilling to serve as an adequate class representative.  As discussed above, Plaintiff provides no facts addressing that question. Instead, they rely on vague and conclusory assertions that do not permit the Court to assess whether Sunderland unreasonably delayed in notifying her counsel, Pharmacare, and the Court of her purported inability to continue representing the class.  To the extent the Court is not inclined to deny the motion on other Rule 15 grounds, it should, at a minimum, require Sunderland and her counsel to provide a fuller factual record establishing when and why Substitution became necessary.  On the current record, Plaintiff has not carried her burden under Rule 15.

### C. Plaintiff Should Be Required to Respond to Written Discovery.

Substitution of a new class representative is effectively a dismissal of Plaintiff's individual claims.  After a defendant serves an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.

11

323370445v.1

R. Civ. P. 41(a)(2). Courts routinely condition dismissal on a plaintiff's compliance with outstanding discovery obligations. *Sherman v. Yahoo! Inc.*, 2015 WL 473270, *6 (S.D. Cal. Feb. 5, 2015) (conditioning dismissal on completing plaintiff's deposition or production of discovery, as "the inability to conduct sufficient discovery for a defense can amount to legal prejudice." Unless ordered by the Court as a party to the case, PharmaCare will likely be unable to obtain he discovery from Plaintiff. PharmaCare would be unable to serve written discovery, and Plaintiff would avoid her waiver of objections. Moreover, PharmaCare would be forced to expend even more resources attempting to serve Plaintiff with document subpoenas, to the extent PharmaCare would be able to serve her at all.

In short, the Court should condition any substitution on Plaintiff providing full and complete discovery responses and production of documents without objection.

## IV.    CONCLUSION

Plaintiff's motion for leave must be denied for failing to satisfy the requisite elements of Rules 15 and 16. If the Court is inclined to allow the substitution, then the Court must require Plaintiff to provide full and complete responses without objection to PharmaCare's outstanding discovery, vacate the current remaining case deadlines and allow time for PharmaCare to conduct fact discovery, class expert discovery, Rule 23 briefing on the new representatives, and merits expert discovery.

DATED: February 4, 2026                    SEYFARTH SHAW LLP

By: /s/ Joseph J. Orzano
    Joseph J. Orzano
    Attorneys for Defendant
    PharmaCare U.S., Inc.

OPPOSITION TO MOTION TO SUBSTITUTE
CASE NO. 3:23-CV-01318-JES-AHG

323370445v.1