# EXHIBIT B

Trenton R. Kashima (SBN No. 291405)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
402 W. Broadway., Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
tkashima@milberg.com

*Attorneys for Plaintiffs
and the Proposed Classes*

*Additional attorneys on signature page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation, and PHARMACARE LABORATORIES PTY LTD., an Australian company,<br><br>Defendants. | Case No. 3:23-cv-01318-JES-AHG<br><br>**PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO LINDA SUNDERLAND, SET ONE** |

Plaintiff Linda Sunderland (hereinafter "Sunderland") by and through her undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby provides the following first set of responses to the First Set of Interrogatories of Pharmacare U.S., Inc. (hereinafter "Pharmacare").

## PRELIMINARY STATEMENT

The following responses are made solely for purposes of this action.  By making these responses, Plaintiff does not concede that the Interrogatories sought are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's responses are made without in any way intending to waive or waiving, but, on the contrary, intending to preserve and preserving:

(a)    The right to object, on any grounds, to the use of these responses in any subsequent proceedings in, or at trial of, this or any action;

(b)    The right to object to the introduction of these responses into evidence in any subsequent proceedings in, or at the trial of, this or any action; and

(c)    The right to object, on any grounds at any time, to other Interrogatories or other discovery demands involving these responses or the subject matter thereof.

The responses and objections are made on the basis of information presently available to and located by Plaintiff upon reasonable investigation. Plaintiff expressly reserves the right to produce further information in response to these Interrogatories. Further, Plaintiff reserves the right to modify, revise, supplement, or amend her responses as she deems appropriate.

## GENERAL OBJECTIONS

The following general objections are made to each Interrogatory and are incorporated by this reference into each specific response as if set forth in full therein, and is in addition to any specific objections stated within those responses.

1.    Plaintiff objects to these Requests to the extent that they impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil

1

Procedure, the Local Rules of Civil Practice and Procedure of The United States District Court for the Northern District of California ("Local Rules"), or any other applicable rules and statutes. Plaintiff will respond to each of the Requests in accordance with the requirements of the Federal and Local Rules.

2. Plaintiff bases her responses on the assumption that Defendant, in propounding these Interrogatories, did not intend to seek information protected against discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable right, privilege, protection or doctrine. To the extent that Defendant's Interrogatories, or any part thereof, are intended to elicit such information, Plaintiff objects and asserts the privileges and protections contained in the foregoing rules to the fullest extent permitted by law.

3. Nothing contained in these responses is intended as, nor shall it in any way be deemed as, a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable right, privilege, protection or doctrine. In responding to each Interrogatory, Plaintiff will not undertake to provide privileged or otherwise protected information, and inadvertent disclosure of such information shall not be deemed a waiver of any applicable privilege or doctrine.

These Interrogatories could possibly be construed as seeking information from entities or individuals other than Plaintiff. In responding to these interrogatories, Plaintiff is obligated, if at all, to provide only information that is within her knowledge; Plaintiff expressly objects to these interrogatories to the extent they seek to require a response on behalf of any individual other than Plaintiff.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

DESCRIBE the circumstances surrounding YOUR purchase and use of the PRODUCTS, including the DATE of each purchase, the retail price paid, the method of

2

payment, the specific PRODUCTS purchased, the store name and location from which YOU purchased the PRODUCTS, and frequency of use.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to the preliminary statement and general objections, Plaintiff purchased two bottles of Sambucol Black Elderberry Chewables every other month and Sambucol Black Elderberry Lozenges beginning in 2020 through 2022 from the following locations:

- Walgreens #10678
- Walgreens #14128
- Walgreens #180305
- Mrytle Pharmacy, Brooklyn, New York

Plaintiff purchased the Product due to the language on the packaging, specifically "Virologist Developed" on the label.

Plaintiff does not know the exact purchase information for the Walgreens and Mrytle Pharmacy transactions.

**INTERROGATORY NO. 2:**

DESCRIBE ANY COUPON or DISCOUNT applied to YOUR purchases of the PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to the preliminary statement and general objections, Plaintiff is unaware of any discounts applied to her purchases.

**INTERROGATORY NO. 3:**

DESCRIBE the circumstances surrounding YOUR purchase and use of OTHER ELDERBERRY PRODUCTS, including the DATE of each purchase, the retail price paid, the method of payment, the specific products purchased, the store name and location from which YOU purchased the products, and frequency of use.

**RESPONSE TO INTERROGATORY NO. 3:**

3

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE; CASE NO.: 3:23-CV-01318-JES-AHG

Began purchasing Goli Immune Vitamin Gummies with Elderberry Extract, Airborne Immune Support Elderberry Gummies, and Emergen-C Elderberry Daily Immune Support and Botanicals Gummies as of January 2023 from Walmart #3520 and the locations listed in Response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

IDENTIFY all PERSONS with knowledge of the facts YOU contend support each allegation contained in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to the preliminary statement and general objections, Plaintiff objects to the Interrogatory as seeking identification and production of information and documents that are not, and never were in Plaintiff's possession, custody or control.  Plaintiff further objects to the Interrogatory's definition of "YOU" as improper third-party discovery because it seeks identification of information and documents that, to the extent they exist, are not known to Plaintiff, and do not relate to this action.

Defendant's Interrogatory is facially overbroad, and therefore unduly burdensome. Defendant may not seek all information related to a general topic, otherwise known as "contention" interrogatories.  *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials) are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified in the interrogatory held to be

4

overbroad on their face).   Accordingly, Plaintiff will identify persons with material information regarding the allegations in her complaint.

Plaintiff objects to the phrase "all PERSONS" as vague and overbroad, and further objects to the extent the definition includes defense witnesses and experts.  Plaintiff will not identify any persons associated or employed by Defendant or any expert witnesses.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiffs' expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege, including marital /spousal testimonial privilege.

Subject to and without waiving these objections, Plaintiff identifies only herself.

**INTERROGATORY NO. 5:**

For each PERSON identified in response to Interrogatory No. 4, DESCRIBE the facts known by the PERSON that YOU claim support the allegations contained in YOUR COMPLAINT.

**RESPONSE TO INTEROGATORY NO. 5:**

Subject to the preliminary statement and general objections, Plaintiff objects to the Interrogatory as seeking identification and production of information and documents that are not, and never were in Plaintiff's possession, custody or control.  Plaintiff further objects to the Interrogatory's definition of "YOU" as improper third-party discovery because it seeks identification of information and documents that, to the extent they exist, are not known to Plaintiff, and do not relate to this action.

Plaintiff objects to the phrase "PERSONS" as vague and overbroad, and further objects to the extent the definition includes defense witnesses and experts.  Plaintiff will not identify any persons associated or employed by Defendant or any expert witnesses.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiffs' expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege.

5

Subject to and without waiving these objections, Plaintiff identifies that she has knowledge regarding her own purchases.

**INTERROGATORY NO. 6:**

IDENTIFY any PERSON other than YOU that YOU believe purchased the PRODUCTS for their personal use in the past four years.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to the preliminary statement and general objections, Plaintiff objects to the Interrogatory as seeking identification and production of information and documents that are not, and never were in Plaintiff's possession, custody or control. Plaintiff further objects to the Interrogatory's definition of "YOU" as improper third-party discovery because it seeks identification of information and documents that, to the extent they exist, are not known to Plaintiff, and do not relate to this action.

Plaintiff objects to the phrase "PERSONS" as vague and overbroad, and further objects to the extent the definition includes defense witnesses and experts. Plaintiff will not identify any persons associated or employed by Defendant or any expert witnesses.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiffs' expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege.

Subject to and without waiving these objections, Plaintiff identifies that she has knowledge regarding her own purchases. Plaintiff also understands that other absent class members purchased the PRODUCTS for their personal use in the past four years.

**INTERROGATORY NO. 7:**

IDENTIFY ANY DOCUMENTS that support the allegations in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to the preliminary statement and general objections, Plaintiff objects to the Interrogatory as seeking identification and production of information and documents that

6

are not, and never were in Plaintiff's possession, custody or control. Plaintiff further objects to the Interrogatory's definition of "YOU" as improper third-party discovery because it seeks identification of information and documents that, to the extent they exist, are not known to Plaintiff, and do not relate to this action.

Defendant's Interrogatory is facially overbroad, and therefore unduly burdensome. Defendant may not seek all information related to a general topic, otherwise known as "contention" interrogatories. *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials) are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified in the interrogatory held to be overbroad on their face). Accordingly, Plaintiff will identify persons with material information regarding the allegations in her complaint.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiffs' expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege, including marital /spousal testimonial privilege.

Subject to and without waiving these objections, Plaintiff identifies all documents referenced in Plaintiffs' Class Action Complaint (including product labels) and documents that may be produced in response to Plaintiff's discovery requests, as well as documents produced in the *Corbett v. Pharmacare U.S., Inc.* matter.

7

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS with whom YOU have had ANY COMMUNICATION RELATED TO the allegations contained in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to the preliminary statement and general objections, Plaintiff objects to the Interrogatory as seeking identification and production of information and documents that are not, and never were in Plaintiff's possession, custody or control. Plaintiff further objects to the Interrogatory's definition of "YOU" as improper third-party discovery because it seeks identification of information and documents that, to the extent they exist, are not known to Plaintiff, and do not relate to this action.

Defendant's Interrogatory is facially overbroad, and therefore unduly burdensome. Defendant may not seek all information related to a general topic, otherwise known as "contention" interrogatories. *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials) are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified in the interrogatory held to be overbroad on their face). Accordingly, Plaintiff will identify persons with material information regarding the allegations in her complaint.

Plaintiff further objects to this Interrogatory because it is vague, overbroad, and seeks information irrelevant and not proportional to the needs of the pending case.

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE; CASE NO.: 3:23-CV-01318-JES-AHG

Plaintiff's communications with third parties are irrelevant to this case.  Moreover, based on the definitions of YOU, ANY, COMMUNICATIONS, and PERSON, Defendant seeks any incidental communications between Plaintiff and her agents and any other person or entity regarding the lawsuit, regardless of how inconsequential such communication is to this case.  Accordingly, Plaintiff will only respond to this Request to the extent that Plaintiff has any communication with another individual which expressly references the claims at issue in this dispute.

Plaintiff objects to this Request as vague and ambiguous to the extent that it calls for Plaintiff to determine the identities of unknown parties and their communications with other unknown parties. Plaintiff lacks the requisite personal knowledge to determine any person that has "act on [her] behalf" has had any written communications regarding the Products at issue.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiffs' expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege, including marital /spousal testimonial privilege.

Subject to and without waiving these objections, Plaintiff has communicated with her attorneys and law firm staff and agents.  Additionally, Plaintiff received an email newsletter and viewed a website regarding the claims in this case.  Plaintiff directs Defendant to the Response to Interrogatory No. 9 for more information.

**INTERROGATORY NO. 9:**

DESCRIBE ANY COMMUNICATIONS between YOU and ClassAction.org.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to the preliminary statement and general objections, Plaintiff objects to the Interrogatory as seeking identification and production of information and documents that are not, and never were in Plaintiff's possession, custody or control.  Plaintiff further objects to the Interrogatory's definition of "YOU" as improper third-party discovery

9

because it seeks identification of information and documents that, to the extent they exist, are not known to Plaintiff, and do not relate to this action.

Defendant's Interrogatory is facially overbroad, and therefore unduly burdensome. Defendant may not seek all information related to a general topic, otherwise known as "contention" interrogatories. *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials) are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified in the interrogatory held to be overbroad on their face). Accordingly, Plaintiff will identify material information regarding the allegations in his complaint.

Plaintiff further objects to this Interrogatory because it is vague, overbroad, and seeks information irrelevant and not proportional to the needs of the pending case. Plaintiff's communications with third parties are irrelevant to this case. Moreover, based on the definitions of YOU, ANY, and COMMUNICATIONS, Defendant seeks any incidental communications between Plaintiff and his agents and any other person or entity regarding the lawsuit, regardless of how inconsequential such communication is to this case. Accordingly, Plaintiff will only respond to this Request to the extent that Plaintiff has any communication with another individual which expressly references the claims at issue in this dispute.

Plaintiff objects to this Request as vague and ambiguous to the extent that it calls for

10

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE; CASE NO.: 3:23-CV-01318-JES-AHG

Plaintiff to determine the identities of unknown parties and their communications with other unknown parties. Plaintiff lacks the requisite personal knowledge to determine any person that has "act on [his] behalf" has had any written communications regarding the Products at issue.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiffs' expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege.

Subject to and without waiving these objections, on or about June 29, 2023, Plaintiff viewed a website (https://www.classaction.org/elderberry-supplement-lawsuit) on classaction.org regarding this case and provided her contained information on the form provided. Plaintiff also received an email newsletter regarding several cases, including the involving Sambucol, from newsletter@classaction.org, on the same date.

**INTERROGATORY NO. 10:**

DESCRIBE all TESTS of the PRODUCTS performed by YOU or on YOUR behalf.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request as vague and ambiguous to the extent that it calls for Plaintiff to determine the identities of unknown parties and their communications with other unknown parties. Plaintiff lacks the requisite personal knowledge to determine any person that has "act on [her] behalf" has had any written communications regarding the Products at issue.

Plaintiff Sunderland objects to this interrogatory on the grounds that it is vague and seeks information not relevant or proportional to the needs of this case, which alleges that: (1) there are no published studies which test the Elderberry Products; (2) that the Elderberry Products have not been "scientifically tested" as labeled.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiff's expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege.

11

Subject to and without waiving her objections, Plaintiff has completed the lectin testing referenced in the complaint.

**INTERROGATORY NO. 11:**

IDENTIFY ANY DOCUMENTS RELATING TO or CONCERNING the TESTS identified in YOUR response to Interrogatory No. 10.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request as vague and ambiguous to the extent that it calls for Plaintiff to determine the identities of unknown parties and their communications with other unknown parties. Plaintiff lacks the requisite personal knowledge to determine any person that has "act on [her] behalf" has had any written communications regarding the Products at issue.

Plaintiff objects to this interrogatory on the grounds that it is vague and seeks information not relevant or proportional to the needs of this case, which alleges that: (1) there are no published studies which test the Elderberry Products; (2) that the Elderberry Products have not been "scientifically tested" as labeled.

Plaintiff also objects to this interrogatory to the extent that it requires the premature disclosure of Plaintiff's expert opinions, and information protected by the attorney-client privilege, work product doctrine or other privilege.

Subject to and without waiving her objections, Plaintiff directs Defendant to the NIS Lab Testing Report and documentation, produced in the *Corbett v. Pharmacare U.S., Inc.* matter.

DATED: January 5, 2024

Respectfully submitted,

By: /s/ Trenton R. Kashima

Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway St., Suite 1760
San Diego, CA 92101

12

Tel: (619) 810-7047
tkashima@milberg.com

Alex Straus (SBN 321366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 s. Beverly Drive, Ste. PH
Beverly Hills, CA 902126
Tel: 865-247-0080
astraus@milberg.com.com

Rachel Soffin*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel: 865-247-0080
rsoffin@milberg.com

Martha A. Geer*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: 919-600-5035
mgeer@milberg.com

Nick Suciu III*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: 313-303-3472
nsuciu@milberg.com

*Attorneys for Plaintiffs
and the Proposed Classes*

13

Trenton R. Kashima (SBN No. 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W. Broadway., Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
tkashima@milberg.com

*Attorneys for Plaintiffs
and the Proposed Classes*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation, and PHARMACARE LABORATORIES PTY LTD., an Australian company,<br><br>Defendants. | Case No. 3:23-cv-01318-JES-AHG<br><br>**PLAINTIFF LINDA SUNDERLAND'S VERIFICATION OF RESPONSES AND OBJECTIONS TO DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO LINDA SUNDERLAND, SET ONE** |

I, Linda Sunderland, am Plaintiff in the above captioned matter, and believe, based on reasonable inquiry, that the responses and objections to Defendant Pharmacare U.S., Inc.'s Interrogatories to Linda Sunderland, Set One are true and correct to the best of my knowledge, information, and belief.

I verify under penalty that the foregoing is true and correct.

Executed on the ___5th___ day of ___January___, 2024.

_____
Linda Sunderland (Jan 5, 2024 15:51 EST)
Linda Sunderland

---

VERIFICATION OF PLAINTIFF'S RESPONSES TO
INTERROGATORIES, SET ONE

Case No. 3:23-cv-01318-JES-AHG

Trenton R. Kashima (SBN No. 291405)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
tkashima@milberg.com

*Attorneys for Plaintiffs*
*and the Proposed Classes*

*Additional attorneys on signature page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PHARMACARE U.S., INC., a Delaware Corporation, and PHARMACARE LABORATORIES PTY LTD., an Australian company, <br><br> Defendants. | Case No. 3:23-cv-01318-JES-AHG <br><br> **PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO LINDA SUNDERLAND, SET ONE** |

Plaintiff Benjamin Binder (hereinafter "Binder") by and through his undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby provides the following first set of responses to the First Set of Request for Production of Documents by Pharmacare U.S., Inc. (hereinafter "Pharmacare").

## PRELIMINARY STATEMENT

### A.    Right to Supplement or Modify Responses

These responses are based upon facts and information known by Plaintiff at the time of responding to these Requests and on the current status of the proceedings. Plaintiff reserves the right to supplement or amend his objections and responses if further responsive information becomes available or if omissions are discovered.

### B.    No Admissions

A response to any of the Requests does not constitute an admission by Plaintiff that he agrees with Defendant's characterizations or definitions contained therein, or that the information sought is relevant to the claim or defense of any party or is admissible at any trial. Plaintiff also expressly reserves the right to object to further discovery, to the subject matter of the Requests, and to the introduction of any response to the Requests or any portion thereof, or any document produced herein into evidence in this or any other action. Plaintiff reserves the right to object to the admissibility in evidence of any part of the documents produced or information provided in response to the Requests.

### C.    Notes Regarding Language Used

Where Plaintiff responds that he has produced, is producing, or will produce "all responsive non-privileged documents in his possession," his response should be construed to mean that he has produced all responsive non-privileged documents in his possession, custody, and control – or in the possession, custody, and control of his agents – at the time of production. For all responses that are made "subject to and without waiving" a particular objection, Plaintiff is fully responding to and producing documents subject to the request, unless otherwise specified in his response.

1

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO.: 3:23-cv-01318-JES-AHG

## GENERAL OBJECTIONS

In addition to those objections set forth specifically within the response to each Request for Production, Plaintiff raises the following objections to the entire set of Requests for Production and to each individual Request. These general objections are incorporated by reference in each and every response to each specific Request. Plaintiff's failure to expressly repeat these general objections in each response shall not be deemed a waiver of these general objections. Moreover, Plaintiff's specification of one or more objections in any given response is not intended to preclude the applicability of any of these general objections. The assertion of any objection to a Request for Production in any response below is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's right to assert that objection or any other objection at a later date. Plaintiff's general objections are as follows:

1. Plaintiff objects to Defendant's Requests for Production, definitions, and instructions to the extent that they purport to impose any obligations upon them beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or any applicable Local Rules or court order.

2. Plaintiff objects to Defendant's Requests for Production to the extent that they seek information obtainable from publicly available sources and thereby equally available to the parties.

3. Plaintiff objects to Defendant's Requests for Production to the extent it requests documents that are not in the procession, custody, or control of Plaintiff. Plaintiff only responds based on Plaintiff's own knowledge.

4. Plaintiff objects to Defendant's Requests for Production to the extent it requires supplement discovery responses in a manner that exceeds the requirements of Federal Rule of Civil Procedure 26(e).

5. Plaintiff objects to the defined terms "YOU" and "YOUR" to the extent it requires the Plaintiff to produce documents from his "representatives, agents, attorneys,

2

assigns, consultants, independent contractors, investigators, accountants, and any other PERSON acting on his behalf or at his direction" which are protected by attorney-client privilege, the attorney work-product doctrine, or any other applicable right, privilege, protection or doctrine. Additionally, Plaintiff objects to these terms as overly broad and oppressive to the extent they require the Plaintiff to produce documents not within his possession, custody, or control.

Plaintiff incorporates each of these General Objections as though fully set forth in each and every answer and response below. Plaintiff's responses made herein are solely for the purpose of this civil action. Each response is subject to any and all objections to competency, relevancy, materiality, propriety, and admissibility, and to any and all other objections and grounds that would require the exclusion of any information identified herein if the information was asked of or disclosed by a witness present and testifying in court, all of which objections and grounds are hereby expressly reserved and may be interposed at a later date.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATED TO COMMUNICATIONS between YOU and any PERSON CONCERNING the PRODUCTS, including but not limited to, COMMUNICATIONS between YOU and ClassAction.org.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, based on the definition of YOU. Plaintiff will not produce any communications between Plaintiff and her counsel arising from this dispute.

Plaintiff objects to this Request as vague and ambiguous to the extent that it calls for Plaintiff to determine the identities of unknown parties and their communications with other unknown parties. Plaintiff lacks the requisite personal knowledge to determine any

3

person that has "act on [her] behalf" has had any written communications regarding the Products at issue.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO ANY social media blog or post, YOU made CONCERNING the PRODUCTS, including but not limited to, Facebook, Instagram, WhatsApp, Twitter, Tiktok, or Snapchat.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request as overbroad and not proportional to the needs of the pending case.

Plaintiff further objects to this request because it is vague, overbroad, and seeks information irrelevant and not proportional to the needs of the pending case. Plaintiff's communications with third parties are irrelevant to this case. Moreover, Defendant seeks any incidental social media posts between Plaintiff and his agents and any other person or entity regarding the Sambucol Products, regardless of how inconsequential such communication is to this case. Accordingly, Plaintiff will only respond to this Request to the extent that Plaintiff has any written communication with another individual which expressly references the claims at issue in this dispute.

Plaintiff objects to this Request as vague and ambiguous to the extent that it calls for Plaintiff to determine the identities of unknown parties and their communications with other unknown parties. Plaintiff lacks the requisite personal knowledge to determine any person that has "act on [his] behalf" has had any written communications regarding the Products at issue.

Plaintiff further objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, based on the definition of YOU. Plaintiff will not produce any communications between Plaintiff and her counsel arising

from this dispute.

Subject to and without waiving this objection, Plaintiff is unaware of the existence of any responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

The PRODUCTS YOU purchased, including ALL packaging and materials containing, or included with, the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, based on the definition of YOU.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATED TO YOUR purchase of the PRODUCTS, including, but not limited to, ANY receipts, credit card statements, bank statements, proofs of purchase, order confirmations, photographs, notes and/or invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to the preliminary statement and general objections, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATED TO ANY alleged representations made by DEFENDANT CONCERNING the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to the preliminary statement and general objections, Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiff objects that this Request seeks documents equally available to the propounding party, or that is in the propounding party's possession, custody, and/or

control, and in propounding party's current and/or archived electronic data or records relating to the responding party. *See, e.g., Bussiere v. Cano*, No. 1:10–cv–00945, 2011 WL 4529365, at *1 (E.D. Cal. Sept 28, 2011); *Cramer v. Target Corp.*, No. 1:08–cv–01693, 2010 WL 3220335 (E.D. Cal. Aug. 13, 2010) (same). Here, Defendant seeks alleged representations which it purportedly made regarding its own Products, *i.e.* labels and marketing, which are in Defendant's position custody and control. Accordingly, Plaintiff will not produce documents which were created by Defendant.

Additionally, Plaintiff objects to the extent that this Request calls for the production regarding all the PRODUCTS. Plaintiff will only respond with regards to Sambucol Black Elderberry Original Syrup that Plaintiff alleges that he purchased.

Plaintiff further objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine. Plaintiff also objects on the basis that this request seeks premature disclosure of expert opinions. Subject to and without waiving this objection, Plaintiff will produce all responsive, non-privileged documents consistent with the scheduling order in this case.

Subject to and without waiving this objection, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and NIS Labs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, based on the definition of YOU.

Subject to and without waiving the foregoing objections, Plaintiff is aware that her counsel has communicated with NIS Labs prior to the filing of this case. Those documents were previously proposed in the *Corbett v. Pharmacare U.S., Inc.* matter. Plaintiff is not aware of any additional responsive documents which relate to this case.

6

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO.: 3:23-cv-01318-JES-AHG

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATED TO YOUR claim under California Business & Professions Code §17200 et seq., as set forth in Paragraphs 60 through 73 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to the preliminary statement and general objections, Defendant's Request is facially overbroad, and therefore unduly burdensome. Defendant may not seek all documents related to a general topic, otherwise known as "contention" requests. *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials) are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified in the interrogatory held to be overbroad on their face). Accordingly, Plaintiff will only produce documents that he, personally, would intend to rely on at trial.

Plaintiff objects that this Request seeks documents equally available to the propounding party, or that is in the propounding party's possession, custody, and/or control, and in propounding party's current and/or archived electronic data or records relating to the responding party. *See, e.g., Bussiere v. Cano*, No. 1:10–cv–00945, 2011 WL 4529365, at *1 (E.D. Cal. Sept 28, 2011); *Cramer v. Target Corp.*, No. 1:08–cv–01693, 2010 WL 3220335 (E.D. Cal. Aug. 13, 2010) (same). Here, Defendant seeks alleged representations which it purportedly made regarding its own Products, *i.e.* labels

7

and marketing, which are in Defendant's position custody and control. Accordingly, Plaintiff will not produce documents which were created by Defendant.

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, and to the extent it seeks premature disclosure of expert opinions. Plaintiff will not produce any documents produced or provided by her counsel.

Subject to and without waiving this objection, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATED TO YOUR claim under California Business & Professions Code §17500 et seq., as set forth in Paragraphs 74 through 84 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to the preliminary statement and general objections, Defendant's Request is facially overbroad, and therefore unduly burdensome.  Defendant may not seek all documents related to a general topic, otherwise known as "contention" requests.  *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials)  are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified  in  the interrogatory held to be overbroad on their face).  Accordingly, Plaintiff

8

will only produce documents that he, personally, would intend to rely on at trial.

Plaintiff objects that this Request seeks documents equally available to the propounding party, or that is in the propounding party's possession, custody, and/or control, and in propounding party's current and/or archived electronic data or records relating to the responding party. *See, e.g., Bussiere v. Cano*, No. 1:10–cv–00945, 2011 WL 4529365, at *1 (E.D. Cal. Sept 28, 2011); *Cramer v. Target Corp.*, No. 1:08–cv–01693, 2010 WL 3220335 (E.D. Cal. Aug. 13, 2010) (same).  Here, Defendant seeks alleged representations which it purportedly made regarding its own Products, *i.e.* labels and marketing, which are in Defendant's position custody and control. Accordingly, Plaintiff will not produce documents which were created by Defendant.

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, and to the extent it seeks premature disclosure of expert opinions. Plaintiff will not produce any documents produced or  provided by her counsel.

Subject to and without waiving this objection, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATED TO YOUR claim under California Civil Code §1750 et seq., as set forth in Paragraphs 85 through 94 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to the preliminary statement and general objections, Defendant's Request is facially overbroad, and therefore unduly burdensome.  Defendant may not seek all documents related to a general topic, otherwise known as "contention" requests. *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials)  are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents

9

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO.: 3:23-cv-01318-JES-AHG

that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified in the interrogatory held to be overbroad on their face). Accordingly, Plaintiff will only produce documents that he, personally, would intend to rely on at trial.

Plaintiff objects that this Request seeks documents equally available to the propounding party, or that is in the propounding party's possession, custody, and/or control, and in propounding party's current and/or archived electronic data or records relating to the responding party. *See, e.g., Bussiere v. Cano*, No. 1:10–cv–00945, 2011 WL 4529365, at *1 (E.D. Cal. Sept 28, 2011); *Cramer v. Target Corp.*, No. 1:08–cv–01693, 2010 WL 3220335 (E.D. Cal. Aug. 13, 2010) (same). Here, Defendant seeks alleged representations which it purportedly made regarding its own Products, *i.e.* labels and marketing, which are in Defendant's position custody and control. Accordingly, Plaintiff will not produce documents which were created by Defendant.

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, and to the extent it seeks premature disclosure of expert opinions. Plaintiff will not produce any documents produced or provided by her counsel.

Subject to and without waiving this objection, Plaintiff will produce non-privileged documents responsive to this Request.

10

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATED TO YOUR claim for violation of New York Deceptive Acts and Practices Law, as set forth in Paragraphs 95 through 103 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to the preliminary statement and general objections, Defendant's Request is facially overbroad, and therefore unduly burdensome.  Defendant may not seek all documents related to a general topic, otherwise known as "contention" requests.  *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials)  are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified  in  the interrogatory held to be overbroad on their face).  Accordingly, Plaintiff will only produce documents that he, personally, would intend to rely on at trial.

Plaintiff objects that this Request seeks documents equally available to the propounding party, or that is in the propounding party's possession, custody, and/or control, and in propounding party's current and/or archived electronic data or records relating to the responding party.  *See, e.g., Bussiere v. Cano*, No. 1:10–cv–00945, 2011 WL 4529365, at *1 (E.D. Cal. Sept 28, 2011); *Cramer v. Target Corp.*, No. 1:08–cv–01693, 2010 WL 3220335 (E.D. Cal. Aug. 13, 2010) (same).  Here, Defendant seeks alleged representations which it purportedly made regarding its own Products, *i.e.* labels

11

and marketing, which are in Defendant's position custody and control. Accordingly, Plaintiff will not produce documents which were created by Defendant.

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, and to the extent it seeks premature disclosure of expert opinions. Plaintiff will not produce any documents produced or provided by her counsel.

Subject to and without waiving this objection, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATED TO YOUR claim for breach of express warranties, as set forth in Paragraphs 104 through 113 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to the preliminary statement and general objections, Defendant's Request is facially overbroad, and therefore unduly burdensome.  Defendant may not seek all documents related to a general topic, otherwise known as "contention" requests. *See e.g., Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *3 (S.D. Cal., Nov. 17, 2020) ("As a rule, requests for 'any and all' documents or communications (or testimony about those materials)  are facially overbroad"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (a request for production seeking "all documents that relate to or concern" a particular topic is "overly broad on its face"); *Malik v. Amini's Billiard & Bar Stools, Inc.*, 2005 WL 8160879, at *8 ("courts generally find contention interrogatories or requests to be overly broad on their face to the extent they ask for "every fact" or "any and all" documents that support an allegation or defense"); *High 5 Games, LLC v. IGT*, 2015 WL 9685094 at *1 (N.D. Ill., Nov. 25, 2015) (interrogatories containing "all documents" and "all individuals with knowledge" pertaining to the subject matter specified  in  the interrogatory held to be overbroad on their face).  Accordingly, Plaintiff will only produce documents that he, personally, would intend to rely on at trial.

12

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO.: 3:23-cv-01318-JES-AHG

Plaintiff objects that this Request seeks documents equally available to the propounding party, or that is in the propounding party's possession, custody, and/or control, and in propounding party's current and/or archived electronic data or records relating to the responding party. *See, e.g., Bussiere v. Cano*, No. 1:10–cv–00945, 2011 WL 4529365, at *1 (E.D. Cal. Sept 28, 2011); *Cramer v. Target Corp.*, No. 1:08–cv–01693, 2010 WL 3220335 (E.D. Cal. Aug. 13, 2010) (same). Here, Defendant seeks alleged representations which it purportedly made regarding its own Products, *i.e.* labels and marketing, which are in Defendant's position custody and control. Accordingly, Plaintiff will not produce documents which were created by Defendant.

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, and to the extent it seeks premature disclosure of expert opinions. Plaintiff will not produce any documents produced or provided by her counsel.

Subject to and without waiving this objection, Plaintiff will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS YOU identified in YOUR Response to Pharmacare U.S. Inc.'s Interrogatories to Linda Sunderland, Set One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to the preliminary statement and general objections, Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, based on the definition of YOU. Plaintiff further objects that this Request includes impermissible subparts.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request.

13

DATED: January 5, 2024

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

By: /s/ Trenton R. Kashima

Trenton R. Kashima (SBN 291405)
402 West Broadway St., Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
tkashima@milberg.com

Alex Straus (SBN 321366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 s. Beverly Drive, Ste. PH
Beverly Hills, CA 902126
Tel: 865-247-0080
astraus@milberg.com.com

Rachel Soffin*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel: 865-247-0080
rsoffin@milberg.com

Martha A. Geer*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: 919-600-5035
mgeer@milberg.com

Nick Suciu III*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

14

6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: 313-303-3472
nsuciu@milberg.com

*Attorneys for Plaintiffs*
*and the Proposed Classes*

PLAINTIFF LINDA SUNDERLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO.: 3:23-cv-01318-JES-AHG