# EXHIBIT C

SEYFARTH SHAW LLP
Lawrence E. Butler (SBN 111043)
lbutler@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:(415) 397-8549

SEYFARTH SHAW LLP
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA  02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3201
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
PHARMACARE U.S., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PHARMACARE U.S., INC., a Delaware Corporation, and PHARMACARE LABORATORIES PTY LTD., an Australian company, <br><br> Defendants. | Case No. 3:23-cv-01318-JES-AHG <br><br> **DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND, SET TWO** |

DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321763578v.1

PROPOUNDING PARTY:    DEFENDANT PHARMACARE U.S., INC.

RESPONDING PARTY:    PLAINTIFF LINDA SUNDERLAND

SET NUMBER:    TWO

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 33(a), Defendant PHARMACARE US, INC. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby propounds the following interrogatories on Plaintiff LINDA SUNDERLAND ("Plaintiff").  Defendant requests that each interrogatory be answered separately and fully, in writing and under oath, within thirty days of service hereof pursuant to Fed. R. Civ. P. 33(b).

## INSTRUCTIONS

In this discovery, Defendant seeks all responsive information that is within the possession, custody, or control of, or is known or available to Plaintiff and all of her agents, representatives, or any other person or entity authorized to act on her behalf.

To the extent that you consider any of the following interrogatories or subparts thereof to be objectionable, answer that portion of the interrogatory, or subpart thereof, to which you have no objection and separately state the portion of the interrogatory, or subpart thereof, to which you lodge an objection, stating the specific grounds for your objection.

For any information no longer in existence or which cannot be located, identify the information, state how and when it passed out of existence or could no longer be produced and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing such information's prior existence or facts concerning its nonexistence or loss.

These interrogatories are continuing in character, and the responses are to be modified or supplemented from time to time if information requested is obtained at a later date by you, your representatives, employees, agents, or counsel.  All interrogatories

2

DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND
SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321763578v.1

below include any information received in the future, continuing through the completion of trial.

The interrogatories set forth herein shall be construed so as to make Plaintiff's responses inclusive rather than exclusive.

If Plaintiff encounters any ambiguity in construing an interrogatory, definition, or instruction herein, Plaintiff shall make her best efforts to interpret the interrogatory, definition, or instruction within the context of this litigation and shall set forth the matter deemed ambiguous, and the construction or interpretation chosen or used in responding.

If you cannot answer an Interrogatory after concluding a reasonable investigation, you should so state and answer to the extent that you can, stating what information that you do have, what information you cannot provide, and what efforts you have made to obtain the unknown requested information.

Wherever appropriate in these interrogatories, the singular form of a word shall be interpreted as plural.

Wherever appropriate in these interrogatories, the masculine form of a word shall be interpreted as feminine.

"And," as well as "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

## DEFINITIONS

As used herein, the following words have the following definitions:

"YOU" or "YOUR" shall be deemed to refer to Plaintiff LINDA SUNDERLAND and all of her agents, representatives, or any other person or entity authorized to act on her behalf.

"DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and includes the term "writing."  For purposes of these requests, the term "DOCUMENTS" includes

3

DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321763578v.1

electronically stored information ("ESI") as that term used in the Federal Rules of Civil Procedure, including Rule 34(a), and shall include electronic documents and other electronically stored information, including emails and attachments.  The term "DOCUMENTS" is used in these requests in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, without limitation, advertising and marketing literature; agreements; bank records and statements; blueprints; plans and specifications; books; account records; booklets; brochures; calendars; charts; checks; circulars; computer print outs; data in a computer readable format; contracts; copies; correspondence; databases; diaries; displays; drafts of any documents; drawings; emails; films; files; photographs, video tapes, transparencies; flyers; forecasts; graphs; indexes; instructions; manuals; invoices; job requisitions; letters; licenses; data stored on any magnetic media, such as disks or tapes; computer software and supporting documentation, such as flow charts, comments, pseudo code, data flow diagrams, control flow diagrams, product specifications, and engineering documents; manuals; maps; memoranda; minutes; newspapers; magazines; notes; notebooks; opinions; pamphlets; papers, periodicals, or other publications;  photographs; video tapes; pricelists; promotional literature; receipts; records; recordings; reports; solicitations; statements; statistical compilations; stenographic notes; studies; summaries including memoranda, minutes, notes, records or summaries of messages, conversations, interviews, meetings, or conferences; surveys; telegrams; telephone logs; travel or expense records; video recordings; video tapes; voice recordings; vouchers; worksheets and working papers; writings; handwritten, printed, reproduced, recorded, typewritten, or graphical materials; or any other material of any nature in Plaintiff's possession, custody or control.  A draft or non-identical copy is a separate document within the meaning of the term "document." In addition, any revision of or translation of any document shall be considered a separate document for purposes of these requests.  Similarly, any reproduction of any document that is in any way different from the original (e.g., a version that contains margin notes, a

DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND
SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321763578v.1

date stamp, or highlighting) shall be considered a separate document for purposes of these requests.

"IDENTIFY" shall mean, in the case of a Sambucol label, that Plaintiff shall set forth the name of the product on the label, all statements made on the label, and the date of the label. If such labels have been or are being concurrently produced, Plaintiff alternatively may identify the documents by setting forth in the answer to the Interrogatory the bates number or bates range of the document or documents.  If such documents were, but are no longer in Your possession, custody or control, state the disposition which was made of them, the reason for such disposition, and the date thereof.

"DESCRIBE" shall mean to state, with specificity, each and every fact, detail, circumstance, incident, act, omission, event and DATE relating to or concerning the matters inquired of in said interrogatory.

"DATE" means the exact year, month and day, if known, or, if not known, YOUR best approximation thereof.

"RFA" shall mean the Requests For Admissions served on YOU by PharmaCare concurrently with the service of these interrogatories.

As used herein, "ANY" should be understood to include any encompass "ALL," "OR" should be understood to encompass "AND," and vice versa, as necessary to bring within the scope of a particular interrogatory any information which might otherwise be construed to be outside its scope.

## INTERROGATORIES

### INTERROGATORY NO. 12:

If YOUR response to RFA No. 1 is anything other than an unqualified admission, provide the name, address and phone number of the person or entity who developed Sambucol®.

321763578v.1

**INTERROGATORY NO. 13:**

If YOUR response to RFA No. 2 is anything other than an unqualified admission, IDENTIFY all labels of Sambucol lozenges that state: "virologist developed."

**INTERROGATORY NO. 14:**

If YOUR response to RFA No. 3 is anything other than an unqualified admission, IDENTIFY all labels of Sambucol lozenges that state: "By using a proprietary method of extraction, only Sambucol® can guarantee consistent, immune supporting properties in every serving."

**INTERROGATORY NO. 15:**

If YOUR response to RFA No. 4 is anything other than an unqualified admission, IDENTIFY all labels of Sambucol lozenges that have the word "proprietary" on the label.

**INTERROGATORY NO. 16:**

If YOUR response to RFA No. 5 is anything other than an unqualified admission, IDENTIFY all labels of Sambucol lozenges that contain a reference to a virologist other than: "Developed by a world renowned virologist, Sambucol's® unique manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

**INTERROGATORY NO. 17:**

If YOUR response to RFA No. 7 is anything other than an unqualified admission, IDENTIFY all labels of Sambucol chewable tablets that contain a reference to a virologist other than: "Developed by a world renowned virologist, Sambucol's® unique manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

**INTERROGATORY NO. 18:**

If YOUR response to RFA No. 8 is anything other than an unqualified admission, IDENTIFY all labels of Sambucol chewable tablets that contain a reference to a

6

321763578v.1

virologist other than: "Developed by a world renowned virologist, Sambucol® has been trusted by millions worldwide."

**INTERROGATORY NO. 19:**

If YOUR response to RFA No. 10 is anything other than an unqualified admission, DESCRIBE all evidence that Patent No. 4,742,046 was ever owned by PharmaCare Laboratories PTY Ltd.

**INTERROGATORY NO. 20:**

If YOUR response to RFA No. 11 is anything other than an unqualified admission, DESCRIBE all evidence that Patent No. 4,742,046 was ever owned by PharmaCare U.S., Inc.

**INTERROGATORY NO. 21:**

If YOUR response to RFA No. 12 is anything other than an unqualified admission, DESCRIBE all evidence that Patent No. 4,742,046 had not expired prior to the date PharmaCare Laboratories PTY Ltd. acquired the rights to Sambucol in 2009.

**INTERROGATORY NO. 22:**

If YOUR response to RFA No. 13 is anything other than an unqualified admission, provide the name, address and phone number of the person who developed the elderberry extract in Sambucol.

//
//
//
//
//
//
//
//
//
//

7

DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND
SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321763578v.1

**INTERROGATORY NO. 23:**

For each purchase of a black elderberry dietary supplement YOU have made since YOUR deposition, state: (a) the date of purchase; (b) the name of the product purchased; (c) the purchase price paid; and (d) the retail location (or website) from which YOU purchased the product.

DATED:  November 14, 2025

Respectfully submitted,
SEYFARTH SHAW LLP

By:_____
Giovanna A. Ferrari
Joseph J. Orzano
Aaron Belzer
Attorneys for Defendant
PHARMACARE U.S., INC.

8

321763578v.1

## PROOF OF SERVICE

I am over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 14, 2025 I served the within document(s):

**DEFENDANT PHARMACARE U.S., INC.'S INTERROGATORIES TO PLAINTIFF LINDA SUNDERLAND, SET TWO**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by causing Nationwide Legal, LLC to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Trenton Kashima
**Bryson Harris Suciu & Demay PLLC**
19800 MacArthur Boulevard, Suite 270
Irvine, CA 92612
tkashima@brysonpllc.com

Martha Geer
Russell Busch
Luis Cardona
**Bryson Harris Suciu & Demay PLLC**
900 W. Morgan Street
Raleigh, NC 27603
mgeer@brysonpllc.com
rbusch@brysonpllc.com
lcardona@brysonpllc.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 14, 2025 at San Francisco, California.

_____
Janine McDermott

SEYFARTH SHAW LLP
Lawrence E. Butler (SBN 111043)
lbutler@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA  02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3201
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
PHARMACARE U.S., INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation, and PHARMACARE LABORATORIES PTY LTD., an Australian company,<br><br>        Defendants. | Case No. 3:23-cv-01318-JES-AHG<br><br>**DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR ADMISSIONS TO PLAINTIFF LINDA SUNDERLAND, SET ONE** |

321766080v.1

PROPOUNDING PARTY:      DEFENDANT PHARMACARE U.S., INC.

RESPONDING PARTY:      PLAINTIFF LINDA SUNDERLAND

SET NUMBER:      ONE

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant PHARMACARE U.S., INC. ("Pharmacare") requests that Plaintiff LINDA SUNDERLAND respond to the following Requests for Admission separately and fully, in writing and under oath, and that the response be signed by the person making them and to be served on Defendant within thirty (30) days from receipt of service.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

Admit that YOU do not know who developed Sambucol®.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit that the following statement does not appear on any label for Sambucol lozenges: "virologist developed."

**REQUEST FOR ADMISSIONS NO. 3:**

Admit that the following statement  does not appear on any label for Sambucol lozenges: "By using a proprietary method of extraction, only Sambucol® can guarantee consistent, immune supporting properties in every serving."

**REQUEST FOR ADMISSIONS NO. 4:**

Admit that the following statement does not appear on any label for Sambucol lozenges: "proprietary".

**REQUEST FOR ADMISSIONS NO. 5:**

Admit that the only reference to a virologist on any label for Sambucol lozenges is the following: ""Developed by a world renowned virologist, Sambucol's® unique

2

manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

**REQUEST FOR ADMISSIONS NO. 6:**

Admit  that the document previously produced by PharmaCare, Bates-numbered PCUSSD_001925, attached hereto as Exhibit A, does not contain any of the following statements:

- "virologist developed"

- "Developed by a [world renowned] virologist, Sambucol® is the unique black elderberry extract that has been used in scientific studies."

- "By using a proprietary method of extraction, only Sambucol® can guarantee consistent, immune supporting properties in every serving."

- "Developed by a world renowned virologist, Sambucol's® unique manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

- "Developed by a world renowned virologist, Sambucol® has been trusted by millions worldwide."

**REQUEST FOR ADMISSIONS NO. 7:**

Admit that the following statement does not appear on any label for Sambucol® chewable tablets:  "Developed by a world renowned virologist, Sambucol's® unique manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

**REQUEST FOR ADMISSIONS NO. 8:**

Admit that the following statement does not appear on any label for Sambucol chewable tablets:  "Developed by a world renowned virologist, Sambucol® has been trusted by millions worldwide."

3

321766080v.1

**REQUEST FOR ADMISSIONS NO. 9:**

Admit  that the document produced by PharmaCare, Bates-numbered PCUSSD_001934, attached hereto as Exhibit B, does not contain any of the following statements:

- "virologist developed"

- "Developed by a [world renowned] virologist, Sambucol® is the unique black elderberry extract that has been used in scientific studies."

-  "By using a proprietary method of extraction, only Sambucol® can guarantee consistent, immune supporting properties in every serving."

- "Developed by a world renowned virologist, Sambucol's® unique manufacturing process preserves and maximizes the naturally occurring health benefits of the Black Elderberry."

- "Developed by a world renowned virologist, Sambucol® has been trusted by millions worldwide."

**REQUEST FOR ADMISSIONS NO. 10:**

Admit that PharmaCare Laboratories PTY Ltd. never owned Patent No. 4,742,046

**REQUEST FOR ADMISSIONS NO. 11:**

Admit that by PharmaCare U.S. Inc. never owned Patent No. 4,742,046

**REQUEST FOR ADMISSIONS NO. 12:**

Admit  that Patent No. 4,742,046 expired prior to the date PharmaCare Laboratories PTY Ltd. acquired the Sambucol business and assets in May 2009.

//

//

//

//

//

//

4

321766080v.1

**REQUEST FOR ADMISSIONS NO. 13:**

Admit that YOU do not know who developed the elderberry extract in Sambucol.

DATED: November 14, 2025

Respectfully submitted,
SEYFARTH SHAW LLP

By:_____
Giovanna A. Ferrari
Joseph J. Orzano
Aaron Belzer
Attorneys for Defendant
PHARMACARE U.S., INC.

5

321766080v.1

# EXHIBIT A

Once opened, store below 77°F in a dry place

# Sambucol®
## BLACK ELDERBERRY

# Sambucol®
## BLACK ELDERBERRY

**THROAT RELIEF***

**SOOTHING* LOZENGE**

Vegetarian

Dairy Free

Gluten Free

No Artificial Preservatives or Synthetic Dyes

Made in Germany

Sambucol® is a registered trademark of PharmaCare Laboratories Pty Ltd.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

- PREMIUM BLACK ELDERBERRY + HONEY
- VITAMIN C + ZINC TO SUPPORT IMMUNE SYSTEM FUNCTION*

**20** SOFT LOZENGES

WITH HONEY
DIETARY SUPPLEMENT

### Active Natural
Powered by premium black elderberries, our uniquely crafted formulations provide powerful ways to support health & well-being*

### Premium Sourcing
Made from carefully selected Haschberg black elderberries, grown by generational farmers in Central Europe*

### Quality Guarantee
100% Money Back Guarantee. Call or visit our website for details
1-888-871-9098
**SambucolUSA.com**

## Supplement Facts
Serving Size: 1 Throat Lozenge (2g)
Servings Per Container: 20

| | Amount per Serving | % Daily Value |
|---|---|---|
| Vitamin C (as Ascorbic Acid) | 50 mg | 56% |
| Zinc (as Zinc Gluconate ) | 3 mg | 27% |
| Black Elderberry (Sambucus nigra L.) Fruit Juice Powder (equivalent to 1,500 mg of premium black elderberry fruit) | 200 mg | ** |
| Honey | 100 mg | ** |

**Daily value not established

**OTHER INGREDIENTS:** Acacia Gum, Maltitol, Sorbitol, Purified Water, Blackcurrant Flavor, Vegetable Oil, Stevia, Beeswax.
**FREE FROM GLUTEN, DAIRY, EGGS, SESAME, SOY, NUTS, SHELLFISH AND CORN.**

- **Real Honey:** helps soothe your throat*
- **3-in-1 Immunity Formula:** Black Elderberry, Vitamin C and Zinc help support a healthy immune system*
- **Soft lozenges:** great-tasting and chewable

**DIRECTIONS FOR USE:** Adults and children over 6 years: Take 1 lozenge as desired to help soothe your throat.

Do not exceed 8 lozenges per day. Not to be swallowed whole. Excessive consumption may produce a laxative effect. Not suitable for children under the age of 6. Keep this and all dietary supplements out of the reach of children. If you are presently under treatment for any medical condition or are taking prescription medication, consult your physician before taking this or any dietary supplement. Sealed for your protection. Do not use if seal is broken or missing. To preserve quality and freshness, store in a cool, dry place.

Manufactured for and distributed by:
PharmaCare US, Inc. San Diego, CA 92108

98057-0423-B

BBE:

Lot No.:

8 96116 00120 4



**PharmaCare Laboratories**

**SGK** SGK is a Matthews International Corporation

Item code: 98057_03286
HUBX Job #: 124512
SGK Job #: 403269259
Description: SAM Black Elderberry Lozenge_20
Contract Manufacturer: Bolder / GPI Munich
Drawing Ref: As per Design
Printer: GPI Munich GmbH

Print Process: Litho
Proofing Profile: ISO Coated v2
Screen Ruling: 150#
Size: 224.5 mm X 185.5 mm
Date: 02-06-2023
Production Artist: 13407

**VERSION 6**
CLIENT APPROVAL
INTERNAL APPROVAL

| SEQ: | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| COLOUR: | White | Cyan | Magenta | Yellow | Black | PC01.02 | CUTTER |
| 100%: | | | | | | | |
| Ink Coverage: | 22.28% | 10.51% | 11.86% | 4.91% | 3.93% | 16.25% | 3.96% |

Disclaimer: SGK Australia has quality checked this artwork and information for complete accuracy Ownership of the final approval for content, layout, text and spelling is the client's responsibility Please review all areas for inaccuracies, omissions or errors before committing to final approval.

**BARCODE VERIFIED** ⊘

Type: UPC-A
Mag. & BWR: 80%    N/Amm
Size (W/H): 26.103/15.415

Barcode #: 8 96116 00120 4
Microns: N/Aµ
Quiet Zone (L/R): 3.626 mm & 4.02 mm

**COMMENTS BOX**
20-04-2023_V1 NB + PP
04-05-2023_V2 Amend
05-05-2023_V3 Amend
19-05-2023_V4 Amend
24-05-2023_V4 Amend no version change
25-05-2023_V5 Amend
26-05-2023_V6 Amend
31-05-2023_V6 No version change Amend
02-06-2023_V6 Amend No Version change & FTP

Body text size: 6.0 pt
Smallest text size: 4.0 pt

Barcodes
Type UPC-A    Number 8 96116 00120 4
Laetus-Pharma    N/A

CONFIDENTIAL

WHITE    Substrate

PCUSSD_001925

# EXHIBIT B

KO Inside

KO Outside

**Sambucol®**
BLACK ELDERBERRY
ADVANCED
IMMUNE SUPPORT*
Chewable Tablets

DIETARY SUPPLEMENT

---

**Sambucol®**
BLACK ELDERBERRY

**The Power of Advanced Immune Support***

Uniquely crafted. Berry potent.

**Sambucol®** is The Original Black Elderberry Extract. It is trusted by millions worldwide to provide powerful immune support.* You can use **Sambucol®** when you need it most so you can get back to doing what you love to do.*

Sambucol Premium Black Elderberries

No artificial flavors

Gluten Free

Vegan

**Use daily for maximum benefit**

Made in the USA with globally-sourced ingredients

Manufactured for and distributed by: PharmaCare US, Inc. San Diego, CA 92108 1-888-871-9098 • SambucolUSA.com

---

**Sambucol®**
BLACK ELDERBERRY

P 012981_A

**ADVANCED IMMUNE SUPPORT***

**With Vitamin C**
Great-tasting immune support* on the go

Everyday Use
**60**
Chewable Tablets

DIETARY SUPPLEMENT

---

**Sambucol®**
BLACK ELDERBERRY

**DIRECTIONS FOR USE**

**For Daily Maintenance:** Adults and Children over 4 years, take 2 tablets daily.
Chew or allow tablet to dissolve slowly in the mouth.

## Supplement Facts

Serving Size 2 tablets
Servings Per Container 30

| Amount per Serving | | % Daily Value |
|---|---|---|
| Calories | 5 | |
| Total Carbohydrate | 1g | <1%† |
| Sugar Alcohols | 1g | ** |
| Vitamin C (as ascorbic acid) | 200mg | 222% |
| Black Elderberry (Sambucus Nigra) Extract (equivalent to 3.4g Black Elderberry Fruit) | 100mg | ** |

†Percent Daily Values are based on a 2,000 calorie diet.
**Daily Value not established.

**Other ingredients:** Sorbitol, xylitol, silica (horsetail extract), natural flavors, magnesium stearate, maltodextrin, peppermint leaf.
**Free of the following common allergens:** Milk/casein, eggs, fish, shellfish, tree nuts, peanuts, wheat, soy, sesame, and gluten.

Lot#:
Exp. Date:

---

**Sambucol®**
BLACK ELDERBERRY

Sealed for your protection. Do not use if seal is broken or missing. To preserve quality and freshness, keep tightly sealed and store in a cool, dry place.
KEEP OUT OF REACH OF CHILDREN.
**Satisfaction Guaranteed.**
The PharmaCare name guarantees that this product is produced using the highest manufacturing standards, and PharmaCare stands behind every **Sambucol®** product that you purchase. If you are dissatisfied, please visit our website for full details on our refund policy.
**Sambucol®** is a registered trademark of PharmaCare Laboratories Pty Ltd. See the full line **Sambucol®** products at our website.
Questions? Comments?
Call 1-888-871-9098 or visit SambucolUSA.com

8 96116 00114 3

98644-0223-5

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

KO Outside

KO Inside

KO Inside

KO Outside

CONFIDENTIAL

PCUSSD_001934

## PROOF OF SERVICE

I am over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 14, 2025 I served the within document(s):

**DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR ADMISSIONS TO PLAINTIFF LINDA SUNDERLAND, SET ONE**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by causing Nationwide Legal, LLC to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Trenton Kashima
**Bryson Harris Suciu & Demay PLLC**
19800 MacArthur Boulevard, Suite 270
Irvine, CA 92612
tkashima@brysonpllc.com

Martha Geer
Russell Busch
Luis Cardona
**Bryson Harris Suciu & Demay PLLC**
900 W. Morgan Street
Raleigh, NC 27603
mgeer@brysonpllc.com
rbusch@brysonpllc.com
lcardona@brysonpllc.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 14, 2025 at San Francisco, California.

_____
Janine McDermott

SEYFARTH SHAW LLP
Lawrence E. Butler (SBN 111043)
lbutler@seyfarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:(415) 397-8549

SEYFARTH SHAW LLP
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
Seaport East, Suite 1200
Two Seaport Lane
Boston, MA  02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3201
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
PHARMACARE U.S., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation, and PHARMACARE LABORATORIES PTY LTD., an Australian company,<br><br>Defendants. | Case No. 3:23-cv-01318-JES-AHG<br><br>**DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LINDA SUNDERLAND, SET TWO** |

DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFF LINDA SUNDERLAND, SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321766462v.1

PROPOUNDING PARTY:       DEFENDANT PHARMACARE U.S., INC.

RESPONDING PARTY:        PLAINTIFF LINDA SUNDERLAND

SET NUMBER:             TWO

Defendant, PHARMACARE U.S., INC. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds its Request for Production of Documents, Set One on Plaintiff LINDA SUNDERLAND ("Plaintiff"). Plaintiff is required to answer these requests separately in writing, and under oath, and to produce copies of the following specified documents at the offices of Seyfarth Shaw, LLP, located at 560 Mission Street, Suite 3100, San Francisco, CA 94105, no later than thirty (30) days from the date of service of these requests.

## **INSTRUCTIONS**

1.     In this discovery, Defendant seeks all responsive documents and things that are within the possession, custody, or control of, or are known or available to Plaintiff and all of Plaintiff's agents, representatives, or any other person or entity authorized to act on Plaintiff's behalf.

2.     To the extent that you consider any of the following document requests or subparts thereof to be objectionable, answer that portion of the request, or subpart thereof, to which you have no objection and separately state the portion of the request, or subpart thereof, to which you lodge an objection, stating the specific grounds for your objection.

3.     For any document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or could no longer be produced and the reasons therefor, and identify each person having knowledge concerning such disposition or loss and each document evidencing such information's prior existence or facts concerning its nonexistence or loss.

DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFF LINDA SUNDERLAND, SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321766462v.1

4.    These requests are continuing in character, and the responses are to be modified or supplemented from time to time if information requested is obtained at a later date by You, your representatives, employees, agents, or counsel.  All requests below include any information received in the future, continuing through the completion of trial.

5.    If Plaintiff encounters any ambiguity in construing a request, definition, or instruction herein, Plaintiff shall make her best efforts to interpret the request, definition, or instruction within the context of this litigation and shall set forth the matter deemed ambiguous, and the construction or interpretation chosen or used in responding.

6.    If any document in any way responsive to these requests is withheld under any claim or assertion of privilege, state with regard to each document the following:

(a)    the nature of the document claimed privileged;

(b)    any identifying marks, characterization, or designation on the document (i.e., "interoffice memo," "chart," etc.) and a sufficient description of the subject matter to allow the court to rule on the assertion of privilege;

(c)    the date appearing on the document;

(d)    the privilege asserted with regard to the document and the specific basis of the claim of privilege;

(e)    the name of the person or party writing, authoring, preparing, or otherwise responsible for the existence of the document;

(f)    the name and address of the person or party having present custody or control of the document; and

(g)    the names and addresses of persons identified or referenced in the documents, as well as any other persons indicated as having been provided a copy of the document.

7.    These requests require the production of DOCUMENTS either in the same form and in the same order as they are kept in their ordinary course of business, or organized and labeled to correspond with the particular demand set forth below.  If

3

DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFF LINDA SUNDERLAND, SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321766462v.1

PLAINTIFF chooses the former method, the DOCUMENTS are to be produced along with copies of the titles, or other descriptions on the boxes, file folders, binders or containers in which the DOCUMENTS are found.

## DEFINITIONS

As used herein, the following words have the following definitions:

1.       As used herein, "YOU," or "YOUR," shall mean Plaintiff LINDA SUNDERLAND and all of her representatives, agents, attorneys, assigns, consultants, independent contractors, investigators, accountants, and any other PERSON acting on her behalf or at her direction.

2.       "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and includes the term "writing."  For purposes of these requests, the term "DOCUMENTS" includes electronically stored information ("ESI") as that term used in the Federal Rules of Civil Procedure, including Rule 34(a), and shall include electronic documents and other electronically stored information, including emails and attachments.  The term "DOCUMENTS" is used in these requests in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, without limitation, advertising and marketing literature; agreements; bank records and statements; blueprints; plans and specifications; books; account records; booklets; brochures; calendars; charts; checks; circulars; computer print outs; data in a computer readable format; contracts; copies; correspondence; databases; diaries; displays; drafts of any documents; drawings; emails; films; files; photographs, video tapes, transparencies; flyers; forecasts; graphs; indexes; instructions; manuals; invoices; job requisitions; letters; licenses; data stored on any magnetic media, such as disks or tapes; computer software and supporting documentation, such as flow charts, comments, pseudo code, data flow diagrams, control flow diagrams, product specifications, and engineering documents; manuals; maps; memoranda; minutes; newspapers; magazines; notes; notebooks; opinions; pamphlets;

4

papers, periodicals, or other publications; photographs; video tapes; pricelists; promotional literature; receipts; records; recordings; reports; solicitations; statements; statistical compilations; stenographic notes; studies; summaries including memoranda, minutes, notes, records or summaries of messages, conversations, interviews, meetings, or conferences; surveys; telegrams; telephone logs; travel or expense records; video recordings; video tapes; voice recordings; vouchers; worksheets and working papers; writings; handwritten, printed, reproduced, recorded, typewritten, or graphical materials; or any other material of any nature in Plaintiff's possession, custody or control.  A draft or non-identical copy is a separate document within the meaning of the term "document." In addition, any revision of or translation of any document shall be considered a separate document for purposes of these requests.  Similarly, any reproduction of any document that is in any way different from the original (e.g., a version that contains margin notes, a date stamp, or highlighting) shall be considered a separate document for purposes of these requests.

3.     "RFA" shall mean Defendant PharmaCare U.S., Inc.'s Requests For Admissions to Plaintiff Linda Sunderland, Set One.

4.     As used herein, "ANY" should be understood to include and encompass "ALL," "OR" should be understood to encompass "AND," and vice versa, as necessary to bring within the scope of a particular request which might otherwise be construed to be outside its scope.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 13:**

If YOUR response to RFA No. 6 is anything other than an unqualified admission, please produce the document, Bates-numbered PCUSSD_001925, that YOU contend contains any of the statements identified in RFA No. 6.

DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFF LINDA SUNDERLAND, SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321766462v.1

**REQUEST FOR PRODUCTION NO. 14:**

If YOUR response to RFA No. 9 is anything other than an unqualified admission, please produce the document, Bates-numbered PCUSSD_001934, that YOU contend contains any of the statements identified in RFA No. 9.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents identified in YOUR responses to Defendant PharmaCare U.S., Inc.'s Interrogatories to Plaintiff Linda Sunderland, Set Two.

**REQUEST FOR PRODUCTION NO. 16:**

If YOUR response to RFA No. 10 is anything other than an unqualified admission, please produce all documents that YOU contend evidence that PharmaCare Laboratories PTY Ltd., owns or previously owned Patent No. 4,742,046

**REQUEST FOR PRODUCTION NO. 17:**

If YOUR response to RFA No. 11 is anything other than an unqualified admission, please produce all documents that YOU contend demonstrate that PharmaCare U.S., Inc., owns or previously owned Patent No. 4,742,046.

**REQUEST FOR PRODUCTION NO. 18:**

If YOUR response to RFA No. 12 is anything other than an unqualified admission, please produce all documents supporting YOUR contention that Patent No. 4,742,046 had not expired prior to the date PharmaCare Laboratories PTY Ltd. acquired the Sambucol business and assets in 2009.

//
//
//
//
//
//
//

6

DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION TO PLAINTIFF LINDA SUNDERLAND, SET TWO / CASE NO. 3:23-CV-01318-JES-AHG

321766462v.1

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents reflecting YOUR purchase of a black elderberry dietary supplement since YOUR deposition, including, but not limited to, receipts.

DATED:  November 14, 2025

Respectfully submitted,
SEYFARTH SHAW LLP

By:_____
        Giovanna A. Ferrari
        Joseph J. Orzano
        Aaron Belzer
        Attorneys for Defendant
PHARMACARE U.S., INC.

7

321766462v.1

## PROOF OF SERVICE

I am over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On November 14, 2025 I served the within document(s):

**DEFENDANT PHARMACARE U.S., INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LINDA SUNDERLAND, SET TWO**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by causing Nationwide Legal, LLC to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Trenton Kashima
**Bryson Harris Suciu & Demay PLLC**
19800 MacArthur Boulevard, Suite 270
Irvine, CA 92612
tkashima@brysonpllc.com

Martha Geer
Russell Busch
Luis Cardona
**Bryson Harris Suciu & Demay PLLC**
900 W. Morgan Street
Raleigh, NC 27603
mgeer@brysonpllc.com
rbusch@brysonpllc.com
lcardona@brysonpllc.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 14, 2025 at San Francisco, California.

_____
Janine McDermott