Trenton R. Kashima (CA SBN 291405)
**BRYSON HARRIS SUCIU**
**& DEMAY PLLC**
19800 MacArthur Blvd., Suite 270
Irvine, CA 92612
(212) 946-9389
tkashima@brysonpllc.com

*Attorneys for Plaintiffs*
*and the Classes*

[Additional Counsel Listed On Signature Page]

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SUNDERLAND and BENJAMIN BINDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No: 3:23-cv-001318-JES-AHG<br><br>**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO APPOINT ADAM A. EDWARDS AS ADDITIONAL CLASS COUNSEL UNDER RULE 23(g)**<br><br>Date:      March 18, 2026<br>Time:     10:00 a.m.<br>Judge:    Hon. James E. Simmons, Jr.<br>Ctrm:     Courtroom 4B |

PLAINTIFFS' UNOPPOSED MOTION TO APPOINT ADAM A. EDWARDS AS ADDITIONAL CLASS COUNSEL UNDER RULE 23(G)
Case No. 3:23-cv-001318-JES-AHG

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES..........................................................................................ii

I. INTRODUCTION ...............................................................................................1

II. LEGAL STANDARDS ........................................................................................2

III. ARGUMENT.......................................................................................................2

  A. Mr. Edwards Has Performed Substantial Work Investigating and Litigating the Claims to Date. ......................................................................3

  B. Mr. Edwards Possesses the Necessary Experience and Skill to Prosecute This Action. ...........................................................................................3

  C. Mr. Edwards is Committed to Devoting Significant Time, Energy, and Resources to the Case................................................................................4

  D. Other Factors Support Designating Mr. Edwards......................................5

IV. CONCLUSION ...................................................................................................5

PLAINTIFFS' UNOPPOSED MOTION TO APPOINT ADAM A. EDWARDS AS ADDITIONAL CLASS COUNSEL UNDER RULE 23(G)  Case No. 3:23-cv-001318-JES-AHG

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Cappello v. Franciscan All., Inc.,*
  No. 3:16-CV-290-TLS-MGG, 2017 WL 781609 (N.D. Ind. Feb. 28, 2017).............2

*Holcomb v. Hosp. Sisters Health Sys.,*
  No. 3:16-cv-03282, 2017 U.S. Dist. LEXIS 226100 (C.D. Ill. Jan. 18, 2017) ..........5

*In re Aluminum Phosphide Antitrust Litig.,*
  No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994) .........................................5

*In re Insulin Pricing Litig.,*
  No. 3:17-cv-0699, 2017 U.S. Dist. LEXIS 150919 (D.N.J. Sept. 18, 2017).............5

Rules

FED. R. CIV. P. 23 ......................................................................................................2, 3, 4

Other Authorities

Manual for Complex Litig. § 10.22 ...............................................................................2

Under Federal Rule of Civil Procedure 23(G)(3), Plaintiff Linda Sunderland, individually and on behalf of all others similarly situated, respectfully move this court to appoint Adam A. Edwards of Milberg, PLLC (Formerly known as Milberg Coleman Bryson Phillips Grossman LLC) ("Milberg") as additional Class Counsel.[1] Defendant does not oppose this Motion.

## I.    INTRODUCTION

As the underlying dispute has been well-trodden before the Court, Plaintiffs will only briefly recap the underlying allegations.[2] Plaintiffs allege that Defendants' Sambucol Products[3] are falsely advertised as containing an "unique," "proprietary," and "virologist developed" elderberry extract to increase demand, build brand trust, and gain a competitive advantage, causing economic harm to consumers. ECF No. 106 at p. 4. Plaintiffs also allege the Products refer to Dr. Mumcuoglu, but the extract used in the Products was not derived from her patented formula. ECF No. 68-1 at 14. Instead, Plaintiffs allege the Products are just normal, everyday elderberry juice. *Id*

On September 12, 2025, the Court entered an order granting in part and denying in part Plaintiffs' Motion for Class Certification and denying Defendant's Motion to Exclude ("Class Cert. Order"). *See generally*, ECF No. 106. The Order denied certification of Plaintiffs' proposed California Class, *id*. at p. 9, but granted certification of Plaintiffs' proposed New York Class, *id*. at p. 17. Accordingly, in granting Plaintiff's Motion, it appointed the proposed Class Counsels, Mr. Suciu, Mr. Kashima and Ms. Soffin. From the time Plaintiff's Motion for Class Certification was filed to when the Class Cert. Order was entered, Ms. Soffin withdrew as Counsel from Milberg. ECF No.

---

[1] The Court already appointed Rachel Soffin, Nick Suciu III, and Trenton R. Kashima, as class counsel, pursuant to Rule 23(g).

[2] For a more detailed recitation of the allegations and background facts, please see Plaintiffs' Motion for Class Certification (ECF No. 68-1 at p. 2-13), the Declaration of Trenton Kashima (ECF No. 68-3 at p. 2: 2-37) and Court's Order granting in part and denying in part Plaintiffs' Motion for Class Certification and denying Defendant's Motion to Exclude (ECF No. 106 at p. 2-4). which for the sake of brevity Plaintiffs incorporated by reference herein.

[3] The Relevant "Sambucol Products" or "Products" those identified in the Court Order (ECF No. 106) at page 3.

- 1 -

100. Likewise on September 23, 2025, Mr. Suciu and Mr. Kashima informed the Court of their Change of Law Firm from Milberg to Bryson Harris Suciu & DeMay PLLC ("Bryson"). ECF Nos. 109-111.

In the face of the upcoming trial, Plaintiffs' already appointed class counsel believe that adding one additional counsel (Mr. Edwards), to replace Ms. Soffin, is necessary to round out Plaintiffs' trial team and to ensure a continued presence from the Milberg firm.

## II.    LEGAL STANDARDS

Selecting class counsel means selecting counsel "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Courts generally look to the criteria set forth for class counsel in Rule 23(g)(1)(A) and (B). Rule 23(g)(1)(A) and (B) calls for consideration of prospective class counsel's work on the case to date; relevant experience in litigating class actions in relevant claims and areas of law; and the resources that counsel can bring and commit to bringing to bear. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." Manual for Complex Litig. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." Id. § 10.221; see also *Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). The Court's discretion is broad; it may also consider any "matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B).

## III.    ARGUMENT

Mr. Edwards satisfies all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). He has successfully litigated and settled numerous class actions involving mislabeling and consumer products on behalf of millions of consumers. *See*

- 2 -

Declaration of Adam A. Edwards, concurrently filed herewith ("Edwards Decl."), ¶ 3. Mr. Edwards has successfully argued complex legal issues related to class certification in front of courts throughout the country. *Id.* ¶ 4. Mr. Edwards' firm, Milberg, possesses the resources necessary to ensure the proper prosecution of this litigation, has the support of the Plaintiffs, is working with existing Class Counsel already, and will continue to work in this fashion to manage this litigation effectively and efficiently. *Id.* ¶ 2 & 5. Moreover, Mr. Edwards has previously and repeatedly worked together with counsel to successfully prosecute mislabeling and consumer product actions across the country. *Id.* ¶ 6.

### A. Mr. Edwards Has Performed Substantial Work Investigating and Litigating the Claims to Date.

Courts consider the work and resources counsel expend investigating the claims being asserted when appointing class counsel. *See* Fed. R. Civ. P. 23(g)(1)(i),(iv). With the approaching possibility of this case going to trial, Mr. Edwards was approached and briefed on the case. Edwards Decl., ¶ 7. Mr. Edwards immediately began investigating the legal claims and remedies for the class, including Plaintiffs. *Id.* ¶ 8. Those investigations included, among other things: (1) Investigating the facts surrounding the case; (2) Investigating Defendants' position; (3) Multiple meetings with class counsel; (4) Researching legal claims; (5) Discussions with class counsel regarding the future litigation and resolution and (6) Meetings with experts. *Id.* ¶ 8. Additionally, Milberg has been involved in this case since its inception. Accordingly, it makes sense for Milberg attorneys to continue to play an active role in trying this action.

### B. Mr. Edwards Possesses the Necessary Experience and Skill to Prosecute This Action.

Mr. Edwards possesses the experience, skills, and track record to prosecute this action efficiently and effectively. As discussed below, his resume includes substantial experience leading and/or helping lead complex mislabeling and consumer product class actions across the country.

Mr. Edwards is a Senior Parter of the Milberg law firm and has been practicing law for 25 years. Edwards Decl., ¶ 1. Mr. Edwards is regularly appointed lead counsel or co-lead counsel in countless class actions in federal and state courts. *Id.* ¶ 2. He has also sat first chair in dozens of jury trials and successfully argued complex legal issues related to class certification in front of courts throughout the country. *See* Edwards Decl., Ex. B, Adam A. Edwards Resume. Some notable cases in which Milberg was appointed class counsel with Mr. Edwards having a major role in the litigation include:

- *Lisa Tabak, et al. v. Apple, Inc.*; USDC N.D. Ca., No. 19-cv-02455-JST:
- *Johnson v. Nissan North America, Inc.*; USDC N.D. Ca., No. 3:17-cv-00517:
- *Jeffrey Koenig, et al. v. Vizio, Inc.*; Superior Court of California, County of Los Angeles, Case No. BC708866:
- *Thomas Bailey, et al. v. Rite Aid Corporation;* USDC N.D. Ca., No. 4:18-cv-06926-YGR
- *Justin Lytle, et al. v. Nutramax Laboratories, et al.*; USDC C.D. Ca., No. 5:19-cv-00835-FMO-SP;

Additionally, Mr. Edwards has worked with current Class Counsel in several other cases which have resulted in beneficial results and recovery for the class.

**C.   Mr. Edwards is Committed to Devoting Significant Time, Energy, and Resources to the Case.**

A court appointing class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Additional Class Counsel has already demonstrated his commitment to this litigation by devoting substantial resources coordinating and communicating with existing class counsel for the current and upcoming needs of this case. Additionally, the best forecast of the time and resources an attorney or law firm will devote to a case is

- 4 -

what they have carried out in their past.[4] The Milberg law firm is a nationwide class action law firm with offices all over the United States. *See* Edwards Decl., Ex. A, Milberg Resume. Mr. Edwards has an extensive track record trying similar cases to our instant case, as discussed above. Mr. Edwards and Milberg are committed to trying this case in an efficient manner, ensuring that the putative class receive the highest quality of representation.

### D.    Other Factors Support Designating Mr. Edwards

The complex and intricate nature of a trial calls for the additional resources of adding an additional class counsel that will help to organize and structure the upcoming trial and to allow the case to continue to operate efficiently. Mr. Edwards has already committed resources and efforts to advance this litigation. Indeed, he has already committed significant time and resources communicating and coordinating with Class Counsel and Plaintiffs, including discussing the future efficient litigation of this matter. Additionally, he has demonstrated his capacity and experience in trial proceedings as discussed above. Furthermore, Mr. Edwards has the support of the Plaintiffs, class counsel and the firm which also supports the appointment. *See In re Aluminum Phosphide Antitrust Litig.,* No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel)."

## IV.    <u>CONCLUSION</u>

Mr. Edwards meets the requirements of Rule 23(g) and possesses the experience necessary to prosecute this class action litigation in a fair, efficient, and successful manner. Accordingly, Plaintiffs respectfully request that the Court grant this motion and appoint Mr. Edwards as class counsel.

---

[4] *See, e.g., Holcomb v. Hosp. Sisters Health Sys.,* No. 3:16-cv-03282, 2017 U.S. Dist. LEXIS 226100, at *8 (C.D. Ill. Jan. 18, 2017) (court considered the "track records" of counsel in determining whether counsel "have significant resources to devote to [the] matter"); *see* also *In re: Insulin Pricing Litig.,* No. 3:17-cv-0699, 2017 U.S. Dist. LEXIS 150919, at *10 (D.N.J. Sept. 18, 2017) (appointing counsel who had "successfully tried similar claims against comparable defendants" in previous cases).

- 5 -

DATED: February 6, 2026

Respectfully submitted,

By: /s/ Trenton Kashima

Trenton Kashima (CA SBN 291405)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
19800 MacArthur Blvd., Suite 270
Irvine, CA 92612
(212) 946-9389
tkashima@brysonpllc.com

Nick Suciu III (*pro hac vice*)
**BRYSON HARRIS SUCIU & DEMAY PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (616) 678-3180
nsuciu@brysconpllc.com

*Attorneys for Plaintiffs and the Class*

- 6 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2026 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Trenton R. Kashima*
Trenton R. Kashima

- 7 -

PLAINTIFFS' UNOPPOSED MOTION TO APPOINT ADAM A. EDWARDS AS ADDITIONAL CLASS COUNSEL UNDER RULE 23(G)    Case No. 3:23-cv-001318-JES-AHG